Evelyn Michaels WESSEL, Plaintiff
and Appellant,

v.

ERICKSON LANDSCAPING COMPA-
NY, a Utah corporation, Defendant
and Respondent.

No. 19219.

Supreme Court of Utah.

Aug. 9, 1985.

Keith F. Oehler, Salt Lake City, for plaintiff and appellant.

Scott W. Christensen, Salt Lake City, for defendant and respondent.

ZIMMERMAN, Justice.

Plaintiff Evelyn Wessel appeals from the trial court's order dismissing her action against defendant Erickson Landscaping Company for the negligent design and construction of several retaining walls in her front yard. We reverse and remand for reconsideration.

In March of 1978, plaintiff Wessel contracted with defendant Erickson to landscape her home in Salt Lake City. Erickson designed and built a series of terraces in her front yard, using railroad ties to construct the necessary retaining walls. On June 13, 1981, the retaining walls collapsed, causing a substantial portion of the yard to slide into the street. This suit for negligent design and construction of the retaining walls followed.

The matter was tried to the court. Wessel's principal witness was a structural engineer whose testimony was intended to establish that the retaining walls collapsed because they were negligently designed and constructed. At the conclusion of Wessel's case, Erickson's counsel moved the court to dismiss the action pursuant to Rule 41(b) of the Utah Rules of Civil Procedure. The court granted the motion from the bench, reasoning that a structural engineer was not qualified to opine as to the standard of care owed by a landscape architect. The court also ruled that there was no substantial evidence that Erickson's negligence, if any, proximately caused the collapse of the retaining walls. Later, conclusory findings of fact and conclusions of law were entered.[1]

---

1. The trial court's findings and conclusions read as follows:

 FINDINGS OF FACT

 1. Plaintiff, Evelyn Michaels Wessel, consulted with Willard Erickson of Erickson Landscaping Company and subsequently hired Erickson Landscaping Company to landscape the front portion of plaintiff's residence.

 2. Plaintiff purchased the railroad ties which were used in the construction of the landscaped terraces.

 3. Plaintiff also purchased and installed the plant materials utilized in the landscaping of the front portion of the residence.

The findings of fact shed no real light on the basis for the court's ruling. The conclusions of law summarily recite that Wessel "failed to produce any evidence" delineating the duty of care owed by Erickson, establishing that the duty of care was breached, or establishing that any damages suffered were proximately caused by Erickson's alleged negligence. The conclusions of law also recite that Wessel "failed to introduce sufficient evidence to prove that upon the facts and law ... [she] has any right to relief." On appeal, Wessel argues that the reasons given by the trial court for granting Erickson's motion are without merit.

Rule 41(b) permits a court trying a case without a jury to grant a motion to dismiss when it concludes "that upon the facts and the law the plaintiff has shown no right to relief." The trial court is not precluded from granting such a motion merely because the plaintiff has made out a prima facie case, as it is when ruling upon a Rule 50(a) motion for a directed verdict in a case tried to a jury. *See, e.g.,* *Utah State National Bank v. Livingston,* 69 Utah 284, 290–91, 254 P. 781, 784 (1927); *Cruz v. Montoya,* Utah, 660 P.2d 723, 728 (1983). Rather, the rule expressly states that once the motion is made, "[t]he court as trier of the facts may then determine [the facts] and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence." Utah R.Civ.P. 41(b). The purpose of the rule is to permit the judge, as the fact finder, "to weigh the evidence, to draw inferences therefrom and, if it finds the evidence insufficient to make out a case for the plaintiff, to render a decision for the defendant on the merits." *Winegar v. Slim Olson, Inc.,* 122 Utah 487, 491, 252 P.2d 205, 207 (1953); *accord Lawrence v. Bamberger Railroad Co.,* 3 Utah 2d 247, 250, 282 P.2d 335, 337 (1955); *Johnson v. Bell,* Utah, 666 P.2d 308, 311 (1983); *see* 9 Wright & Miller, *Federal Practice and Procedure* § 2371, at 222–25 (1971); Annot., 55 A.L.R.3d 272 (1974).

Rule 41(b) further provides that if the trial court grants a motion to dismiss at the close of the plaintiff's case, it must enter findings of fact "as provided in Rule 52(a)." It has often been stated that when reviewing factual findings of a court sitting without a jury, this Court defers to the trial court and will not overturn its findings if they are adequately supported by the evidence.[2] *E.g., Scharf v. BMG Corp.,*

4. Defendant, Erickson Landscaping Company, provided the remaining materials and labor involved in the construction of the landscape features.

5. The parties entered into a written contract on March 18, 1978, relating to the landscaping of plaintiff's residence.

6. The landscaping was completed sometime in April of 1978.

7. The front portion of plaintiff's residence consisted mainly of uncompacted fill soil.

8. Plaintiff, Evelyn Michaels Wessel, never advised anyone from defendant, Erickson Landscaping Company, of the fact that the front yard consisted of uncompated [sic] fill.

9. On approximately June 13, 1981, a major portion of plaintiff's front yard collasped [sic] and slid out onto the sidewalk and roadway.

CONCLUSIONS OF LAW

1. Plaintiff, Evelyn Michaels Wessel, and defendant, Erickson Landscaping Company, entered into a contract where defendant, Erickson Landscaping Company, agreed to landscape the plaintiff's residence.

2. Plaintiff, Evelyn Michaels Wessel failed to produce any evidence at the trial establishing the duty of care defendant, Erickson Landscaping Company, owed to plaintiff.

3. Plaintiff failed to produce any evidence at the trial indicating that defendant, Erickson Landscaping Company, breached the duty of care it owed to the plaintiff.

4. Plaintiff failed to produce any evidence at trial which would establish that the damages complained of were proximately caused by any action of the defendant, Erickson Landscaping Company.

5. Plaintiff, Evelyn Michaels Wessel, failed to introduce sufficient evidence to prove that upon the facts and the law that plaintiff has any right to relief.

2. Some of our cases state that the standard for determining the sufficiency of the evidence necessary to sustain a finding is whether the evidence is "substantial." *E.g., Kohler v. Garden City,* Utah, 639 P.2d 162, 165 (1981) (*quoting Charlton v. Hackett,* 11 Utah 2d 389, 390, 360 P.2d 176 (1961); *Hal Taylor Associates v. Union-America, Inc.,* Utah, 657 P.2d 743, 747 (1982); *Kinkella v. Baugh,* Utah, 660 P.2d 233, 235 (1983). This is the same phrasing used to artic-

Utah, 700 P.2d 1068, 1070 (1985). No such deference is given to conclusions of law that are reviewed for correctness. *Id.*

In the present case, the trial court entered findings of fact. However, those findings dealt only with peripheral matters; none went to the question of whether Wessel proved the elements of her case. Thus, upon review the only basis for determining whether the motion was properly granted must be extracted from the conclusions of law and the statements made on the record by the trial judge. That evidence leads to the conclusion that the motion was granted because the trial court refused to consider the testimony of the structural engineer called by Wessel. The conclusions of law state that Wessel "failed to produce any evidence" of Erickson's duty of care, a breach of that duty, or proximate cause. Yet the engineer testified unequivocally on all three issues, and his testimony was neither contradicted nor impeached. We hold that the trial court erred as a matter of law in not considering the engineer's testimony.

 A trial court, whether acting as the trier of fact or presiding at a jury trial, is granted considerable discretion in determining whether an expert is qualified to give an opinion on a particular matter. *See Maltby v. Cox Construction Co.*, Utah, 598 P.2d 336, 340 (1979), *cert. denied*, 444 U.S. 945, 100 S.Ct. 306, 62 L.Ed.2d 314 (1979); *Waste Management, Inc. v. Deffenbaugh*, 534 F.2d 126, 129–30 (8th Cir.1976). Ordinarily, the standard of care in a trade or profession must be determined by testimony of witnesses in the same trade or profession. Nothing, however, precludes the court's consideration of expert testimony from an individual in a trade different than that in issue when the standard of care is identical for both. *Burton v. Youngblood*, Utah, 711 P.2d 245 (1985). The critical

factor in determining the competency of an expert is whether that expert has knowledge that can assist the trier of fact in resolving the issues before it. Utah R.Evid. 702; *Perlmutter v. Flickinger*, Colo.App., 520 P.2d 596, 597–98 (1974); *Security National Bank v. City of Olathe*, 225 Kan. 220, 222, 589 P.2d 589, 592 (1979). After reviewing the facts, we conclude that the trial court abused its discretion in refusing to consider the engineer's testimony on the ground that he was not a qualified and competent expert witness.

 Erickson had a duty to landscape Wessel's yard with the care, skill, and diligence normally exercised by professional landscape architects in good standing. *See* Restatement (Second) Torts § 299A, at 73 (1965); *see also* Prosser, *Law of Torts* § 32, at 161–62 (4th ed. 1971). To prove that Erickson violated that duty and was liable to her, Wessel was required to establish (i) that Erickson did not meet the standard of care owed by a landscape architect in constructing and designing retaining walls, (ii) that as a consequence, the walls collapsed, and (iii) that the collapse of the walls caused her to incur damages. *See, e.g., Pedroza v. Bryant*, 101 Wash.2d 226, 228, 677 P.2d 166, 168 (1984); Prosser, *Law of Torts* § 30, at 143 (4th ed. 1971).

 Wessel's evidence on these issues was presented through the structural engineer. The engineer testified that he had designed numerous substantial retaining walls in the course of his professional employment and was therefore familiar with the standard of care required in constructing retaining walls. He also testified that the conduct of all persons building retaining walls is governed by the Uniform Building Code's requirements regarding

ulate the standard for reviewing the findings of juries. *Watters v. Query*, Utah, 626 P.2d 455, 458 (1981); *Estate of Kesler*, Utah, 702 P.2d 86 (1985). However, an examination of other cases suggests that when reviewing the findings of a judge, a slightly broader standard of review may be appropriate, one approximating the "clearly erroneous" standard used in federal courts. *See, e.g., Lawrence v. Bamberger Railroad Co.*, 3 Utah 2d 247, 250–51, 282 P.2d 335, 337 (1955); 9 Wright & Miller, Federal Practice and Procedure § 2585, at 729–35, § 2586, at 737 (1971). There may be sound arguments for adopting the federal approach, given the traditional reverence for the judgment of juries. However, since the outcome of this case does not turn on any difference between these standards, the issue is academic at this point.

the design and construction of retaining walls. Defense counsel did not attempt to refute this assertion. *See* Uniform Building Code § 2308(b) (1982 ed.). We take judicial notice of the facts that the Uniform Building Code was in effect in Salt Lake City at the time the retaining wall in question was constructed and that Mrs. Wessel's residence is in Salt Lake City. This uncontroverted testimony qualified the engineer to testify on the standard of care required of landscape architects.[3]

The engineer then testified in some detail as to how the retaining walls built by Erickson failed to meet the design criteria set forth in the Code. Specifically, he cited three problems with the design of the walls. First, because the soil held up by the walls was uncompacted fill dirt, the walls became unstable as the soil settled and shifted. Second, the walls were not properly anchored in stable soil. Third, the walls were not designed to withstand hydraulic pressure that built up as a result of rain and lawn watering. Finally, there was testimony to establish that Erickson's negligence proximately caused Wessel harm. The engineer testified that the combination of the three factors described above caused the walls to fail.

The trial court's refusal to give any consideration to the uncontradicted expert testimony of the engineer regarding the requirements of the Uniform Building Code and the consequence of a failure to follow it constituted an abuse of discretion. Accordingly, the trial court should not have granted a motion to dismiss under Rule 41(a) for failure to present evidence on the elements of the case.

Reversed and remanded for reconsideration of the motion to dismiss in light of the structural engineer's testimony.

WE CONCUR:

HALL, C.J., and STEWART, HOWE and DURHAM, JJ.

---

**3.** Breach of the safety provisions of the Code, which are by implication part of any contract subject to it, may be enough to establish negligence under certain circumstances. *See, e.g., Hall v. Warren,* Utah, 632 P.2d 848, 850–51 (1981).