**STATE of Utah, Plaintiff and Appellee,**

v.

**REAL PROPERTY AT 633 EAST 640 NORTH, OREM, Utah, Defendant.**

**Linda Cannon, Appellant.**

**No. 950459.**

Supreme Court of Utah.

July 22, 1997.

Jan Graham, Att'y Gen., Salt Lake City, and James R. Taylor, Provo, for plaintiff and appellee..

Randall T. Gaither, Salt Lake City, for defendant.

ZIMMERMAN, Chief Justice:

Claimant Linda Cannon appeals from a trial court order forfeiting her interest in real property located at 633 East 640 North in Orem, Utah. The trial court ordered forfeiture of the property under the Utah Controlled Substances Act, section 58–37–13 of the Utah Code, because officers of the Utah County Sheriff's Department seized a one-pound brick of marijuana during a warranted search of the property. Cannon claims that the property was not properly subject to forfeiture because the State failed to offer any evidence to meet several of the statutory elements that must be met before forfeiture is appropriate. Cannon also claims that the trial court erred when it allowed the State to present evidence of subsequent searches at the residence during which officers seized more narcotics. Last, Cannon claims that the trial court failed to enter findings of fact or conclusions of law regarding the constitutional challenges she made to the forfeiture statute. We affirm in part and reverse and remand with instructions to the trial court to enter findings of fact and conclusions of law regarding Cannon's constitutional claims.

We begin by reviewing the facts. On January 15, 1993, Utah County Narcotics Task Force officers conducted a warranted search at a residence located at 633 East 640 North in the city of Orem. During the search, officers seized approximately one pound of marijuana, some cocaine, and several sets of scales. Officers also seized bills with serial numbers that matched the previously recorded serial numbers of money used to make three controlled buys. The controlled buys were, in part, the basis for obtaining the search warrant executed on January 15th. The officers also seized marijuana ashes, stems, residue, and paraphernalia, including a roach clip, a pipe, several partially smoked marijuana cigarettes, and some rolling papers.

As a result of these seizures, the Utah County Attorney filed a verified complaint on July 21, 1993, requesting forfeiture of the property pursuant to the Utah Controlled Substances Act, section 58–37–13 of the Code. On September 8, 1993, officers searched the residence again and seized approximately one-quarter of a pound of marijuana as well as another set of scales. Again, on June 24, 1994, officers searched the residence and once again seized marijuana, cocaine, and methamphetamine, as well as another set of scales. After a bench trial, the court entered its memorandum decision and findings of fact, order, and satisfaction of judgment, granting all right, title, and interest in the property to the State. Following various post-trial motions and hearings, the court's order became final on September 22, 1995, and Cannon appealed to this court.

The first issue is the sufficiency of the State's proof of some of the statutory elements necessary to warrant forfeiture of property under the Controlled Substances Act. Cannon claims that the State failed to offer evidence to prove (i) that the street value of the drugs seized exceeded $1,000; (ii) the precise property description of the real estate sought to be forfeited; (iii) the identity of the property owner and his or her

knowledge of or consent to the illegal activity at the property; and (iv) the nexus between the property and the narcotics. *See* Utah Code Ann. § 58–37–13; *see also State v. A House & 1.37 Acres of Real Property Located at 392 S. 600 E., Nephi, Utah*, 886 P.2d 534 (Utah 1994). We address each element in order.

As to the first element, the so-called "street value" of the narcotics, section 58–37–13 of the Code provides various categories of forfeitable property, among them real property used as a "housing, warehousing, or storage facility" for controlled substances. Utah Code Ann. § 58–37–13(1)(i)(iii).[1] The statute also fixes conditions that must be met for any such forfeiture. One such condition is that the "street value of any controlled substances found on the premises at any given time [must] total[ ] or exceed[ ] $1,000." *Id.* Cannon argues that the State failed to prove that the street value of the marijuana seized from the property on January 15, 1993, totaled or exceeded $1,000. The trial court specifically found that "the evidence presented showed that the street value of the controlled substances 'warehoused' was in excess of the $1,000.00 threshold."

■ Because this is a finding of fact, we overturn the trial court's finding only if it is "not adequately supported by the record, resolving all disputes in the evidence in a light most favorable to the trial court's determination." *State v. Pena*, 869 P.2d 932, 935–36 (Utah 1994) (citing *Wessel v. Erickson Landscaping Co.*, 711 P.2d 250, 252 (Utah 1985)). We conclude that the evidence in this case adequately supports the trial court's finding. Officer Lee R. Fox of the Utah County Sheriff's Department testified that the street value of a gram of marijuana was ten dollars and that the 453.6 grams of marijuana found at the residence would be worth approximately $4,536. Although Cannon points to evidence in the record that a bulk one-pound brick of marijuana could be bought for $800 to $900, this is simply an attempt to reargue the evidence presented to

the trial court. Clearly, Officer Fox's testimony is sufficient to support the trial court's finding.

■ Cannon next argues that the State failed to introduce evidence as to the precise description of the property. While the statute is silent as to how property sought to be seized must be described, Cannon contends that the description must be a proper legal description, either as metes and bounds or by plat map. Here, the State described the real property only by its street address. The verified complaint identifies the property subject to forfeiture as "Residence located at 633 East 640 North, Orem, Utah." We find ample case law to support the State's position that, in the ordinary case, the street address of a residential property is an adequate description of that property for forfeiture purposes. In *Park West Village, Inc. v. Avise*, this court held that a metes and bounds description was not necessary in an option contract where the street address raised "no serious question ... at trial as to the boundaries of the [property]." 714 P.2d 1137, 1141 (Utah 1986). We have held similarly in several other cases. *See Hackford v. Snow*, 657 P.2d 1271, 1276 (Utah 1982) (description of property by name "Hackford Farm" in lease/option contract was sufficient to justify specific performance); *Reed v. Alvey*, 610 P.2d 1374, 1377 (Utah 1980) (description of property as "corner of Hillview and Ninth East" along with extrinsic evidence was sufficient to justify specific performance of realty sale contract). In this case, as in those, no serious question was raised at trial as to the description of the property, and Cannon points to no ambiguity of reference in the description. We see no reason to impose a special requirement in forfeiture cases that does not apply in other situations where the street address unambiguously points out the subject property. The description of the property in this case was sufficient to meet the statutory requirements.

---

**1.** This section was amended in 1996, but the portions referred to in this opinion were simply renumbered by that amendment. *See* ch. 294, 1996 Utah Laws 1482–88 (codified as amending Utah Code Ann. § 58–37–13) (effective April 29, 1996). Subsequent references in this opinion are to the statute as it was numbered prior to the 1996 amendment.

Cannon next claims that the State did not prove in its case-in-chief (i) the existence of any interest in real property to be forfeited, i.e., the State did not introduce any evidence of the title status of the property; and (ii) that Cannon knew of or consented to the illicit use of the property or that there was any nexus between the property and the illicit use. Cannon contends that these are essential elements of a forfeiture case under the statute and that they must be proven by the State to make a prima facie case for forfeiture.

■ The procedural history of the trial proceedings is relevant to this claim. At the close of the State's case-in-chief, Cannon moved for a directed verdict based on this asserted failure of proof. The trial court took the motion under advisement and allowed Cannon to present her case-in-defense. In laying a foundation for her constitutional claims, Cannon put on evidence of her conviction on drug charges arising out of the January 15, 1993, warranted search that provided the basis for the forfeiture action. Cannon also presented evidence of her ownership of the property in question and testified that she knew of the presence of the marijuana that was seized on January 15th. Cannon further testified that she knew of prior drug sales by a resident of the house. In other words, Cannon put in proof of her interest in the property, her knowledge of or consent to the property's illicit use, and the nexus between the property and the drug activity, all the points she claims were lacking in the State's case-in-chief.

Cannon argues that, upon a motion for a directed verdict at the close of the State's case, the court had a duty to rule on that motion in light of the evidence the State had offered and the statutory elements on which it bore the burden of proof. By implication, she asks this court to ignore the evidence that she introduced in her defense after the trial court took her motion for a directed verdict under advisement. This argument, however, ignores the settled law of directed verdicts. "A motion for a directed verdict is a method of testing the legal sufficiency of the evidence...." *See* 75A Am.Jur.2d *Trial* § 907 (1991). A defendant may move for a

directed verdict at the close of the plaintiff's case, asserting that the plaintiff has produced no evidence on a necessary element of the plaintiff's case as to which the plaintiff bears the burden of proof. *Id.* § 943. Upon receiving a motion for a directed verdict at the close of the plaintiff's case, however, the trial court has the discretion to reserve its ruling until it has heard the defendant's evidence. *Id.* § 952. The defendant making the motion for directed verdict does not thereby waive her right to produce evidence tending to prove her case, but she does run the risk of producing evidence tending to prove elements of the plaintiff's case that may not have been proven at the time the motion for directed verdict was made. *Id.* § 961. This is precisely what happened in the instant case. Therefore, we need not decide here whether the State must prove knowledge of or consent by the owner as contended for by Cannon, since she supplied evidence of her knowledge and consent.

Cannon's next claim is that the trial court erred when it allowed the State to present evidence of the two subsequent searches and resulting seizures of controlled substances. Cannon bases her claim on the fact that property is not subject to forfeiture under the "warehousing" provision unless the street value of controlled substances *"found on the premises at any given time* totals or exceeds $1,000." Utah Code Ann. § 58–37–13(1)(i)(iii) (emphasis added). Because the State's forfeiture action must be based only on the January 15, 1993, seizure, Cannon argues that it was error under Utah Rules of Evidence 401, 402, and 403 for the trial court to allow the State to present evidence of the subsequent searches and seizures. She claims that the evidence's probative value was substantially outweighed by the danger of unfair prejudice. We reject both claims.

■ Trial courts have wide latitude in making determinations of relevance, probativeness, and prejudice under rules 401 and 403. *See Pena,* 869 P.2d at 938; *see also Harline v. Barker,* 912 P.2d 433, 441 (Utah 1996) (probativeness and prejudice). We begin with Cannon's claim that the evidence of additional seizures was not relevant. Rule 401 defines relevant evidence as "evidence

having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Utah R. Evid. 401. Evidence of subsequent seizures of controlled substances at the property is relevant to the question of whether the property was used to "warehouse" controlled substances. At trial, one of Cannon's main claims was that the one-pound brick of marijuana could have been intended solely for the personal use of the residents of the house and thus was not "warehoused" on the property. Evidence of subsequent seizures was therefore relevant to meet the statutory requirement that the drugs be "warehoused" on the property before it is subject to forfeiture. Utah Code Ann. § 58–37–13(1)(i)(iii). Therefore, the trial court did not abuse its discretion in finding the evidence relevant.

■ Moving on to Cannon's claims that the evidence should have been excluded under rule 403 as substantially more prejudicial than probative, we note the deferential standard of review:

> "In reviewing a trial court's ruling on the admissibility of evidence under rule 403, we will not overturn the court's determination unless it was an 'abuse of discretion.'" *State v. Hamilton,* 827 P.2d 232, 239 (Utah 1992). Thus, we must decide "whether, as a matter of law, the trial court's decision that 'the unfairly prejudicial potential of the evidence outweighs [or does not outweigh] its probativeness' was beyond the limits of reasonability." *Id.* at 239–40 (alteration in original) (quoting *State v. Ramirez,* 817 P.2d 774, 781–82 n. 3 (Utah 1991)).

*Harline,* 912 P.2d at 441. In this case, the trial court essentially ruled that the probativeness of the State's evidence of subsequent searches and seizures of controlled substances at the subject property was not substantially outweighed by any danger of unfair prejudice. We find the trial court's ruling not to have been "beyond the limits of reasonability." *Id.*

■ The State offered the evidence of subsequent seizures to prove that the property was being used to warehouse controlled substances. When weighing the probativeness of the evidence against the possible prejudice, we must take into consideration the fact that the trial was to the bench, not to a jury. The evil that rule 403 is intended to combat, unfair prejudice, is primarily of concern during a jury trial. Rule 403 provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of . . . misleading the jury. . . ." Utah R. Evid. 403. As we noted in *State v. Featherson:*

> [T]he judge in a bench trial, . . . acting as a trier of fact, is presumably less likely than a jury to be prejudiced by evidence of prior crimes, wrongs, or acts. . . . "[B]ecause it can be safely assumed that the trial court will be somewhat more discriminating in appraising both the competency and the effect properly to be given evidence, the rulings on evidence are looked upon with a greater degree of indulgence when the trial is to the court than when it is to the jury."

781 P.2d 424, 431 (Utah 1989) (quoting *State v. Park,* 17 Utah 2d 90, 404 P.2d 677, 679 (1965)); *see also State v. Rimmasch,* 775 P.2d 388, 407 (Utah 1989). Given that this was a bench trial, the trial court was not unreasonable in finding that the danger of unfair prejudice to Cannon from allowing the judge to consider evidence of subsequent searches and seizures of controlled substances at the property was not substantially outweighed by the probativeness of that evidence. Absent an abuse of discretion, we find no reason to disturb the trial judge's ruling admitting the evidence.

■ Cannon's last claim on this appeal is that the trial court failed to make findings of fact or conclusions of law respecting two constitutional challenges she raised. These were claims of double jeopardy and an excessive fine. These issues were both raised repeatedly in Cannon's answer to the verified complaint, by Cannon's presenting evidence at trial, in Cannon's post-trial memorandum, and again in her objections to the findings and motion for new trial. Further, after the trial, Cannon specifically brought the court's attention to the need for it to make written findings of fact and conclusions of law on

these issues. Despite all these efforts to obtain a ruling, the trial court failed to make any findings as to the proportionality of the forfeiture to the severity of the offense or to state any conclusions of law as to the issues of double jeopardy or excessive fines. In *Butler, Crockett & Walsh Development Corp. v. Pinecrest Pipeline Operating Co.*, we noted that trial courts may not decline to rule on issues properly presented for decision:

> "Failure of the trial court to make findings on all material issues is reversible error unless the facts in the record are 'clear, uncontroverted, and capable of supporting only a finding in favor of the judgment.' The findings of fact must show that the court's judgment or decree 'follows logically from, and is supported by, the evidence.' The findings 'should be sufficiently detailed and include enough subsidiary facts to disclose the steps by which the ultimate conclusion on each factual issue was reached.' "

909 P.2d 225, 231 (Utah 1995) (quoting *Acton v. J.B. Deliran*, 737 P.2d 996, 999 (Utah 1987) (citations omitted)); *see also Fernandez v. Utah Transit Auth.*, No. 960520 (Utah Sup.Ct. Order of Jan. 8, 1997) ("The trial court does not have the discretion to decline to decide a legal question properly presented to it."). Because of the trial court's failure to rule on these issues, we are faced with addressing those issues without the necessary factual findings and without the factual context crucial to such constitutional determinations. Therefore, we remand the case to the trial court on these issues to make the necessary findings and conclusions.

We affirm the trial court's rulings on the motion for a directed verdict and admission of evidence of subsequent searches and seizures. We remand the case for entry of findings and conclusions as to the constitutional issues Cannon raised below, which were not addressed by the trial court.

HOWE, DURHAM and RUSSON, JJ., concur.

Having disqualified himself, STEWART, Associate C.J., does not participate herein; A. LYNN PAYNE, District Judge, sat.

PAYNE, District Judge, concurring in the result:

At the conclusion of the State's case-in-chief, Cannon moved for dismissal on the ground that the State had failed to prove a prima facie case. Utah R. Civ. P. 41(b).[1] One of the facts which Cannon claimed the State had not proved was that the property owner knew about or consented to the illicit use of the property. By raising this issue in the context of a motion to dismiss, Cannon contends that the State bears the burden of proving knowledge or consent in a forfeiture action brought under section 58–37–13(1)(i). Rather than addressing the issue of whether the State bears a burden of proving knowledge or consent, the majority merely concludes that the State met its burden of proving a prima facie case through Cannon's introduction of evidence in her case-in-chief. By failing to address the issue, the majority leaves intact the prior statement of this court that the State bears a burden to prove "the owner of the property interest *knew about or willingly consented* to the act which made the property subject to forfeiture" in order to prove a forfeiture under Utah Code Ann. § 58–37–13(1)(i). *State v. 392 South 600 East, Nephi*, 886 P.2d 534, 538 (Utah 1994) (emphasis added). I write separately because I believe that the statute does not place any such burden upon the State.

It is axiomatic that the State need not introduce evidence in its case-in-chief that is

---

1. Utah Rule of Civil Procedure 41(b) states:

    After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the Plaintiff has shown no right to relief. . . .

A prima facie case is proven when evidence has been introduced which, in the absence of contrary evidence, would entitle the party with the burden of proof to judgment as a matter of law. *State v. Brady*, 91 N.W. 801, 805 (Iowa 1902), *quoted in State v. Wood*, 2 Utah 2d 34, 38, 268 P.2d 998, 1001 (1954). Therefore, the State's failure to prove a prima facie case would entitle Cannon to dismissal under rule 41(b).

not required to establish the cause of action. The relevant portions of the forfeiture statute in effect at the time provided:

> (1) The following are subject to forfeiture, and no property right exists in them: . . .;

>> (i) all warehousing, housing, and storage facilities, or interest in real property of any kind used, or intended for use, in producing, cultivating, warehousing, storing, protecting, or manufacturing any controlled substances in violation of this chapter, except that:

>>> . . .;

>> (ii) an interest in property may not be forfeited under this subsection if the holder of the interest did not know of the act which made the property subject to forfeiture, or did not willingly consent to the act; and

>> (iii) unless the premises are used in producing, cultivating, or manufacturing controlled substances, a housing, warehousing, or storage facility or interest in real property may not be forfeited under this section unless cumulative sales of controlled substances on the property within a two-month period total or exceed $1,000, or the street value of any controlled substances found on the premises at any given time totals or exceeds $1,000.

Utah Code Ann. § 58–37–13(1)(i)(i)–(iii).[2] In addition to the statutory requirements, case law mandates that the State prove that forfeiture would not violate the Eighth Amendment's Excessive Fines Clause. *Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993); *Nephi,* 886 P.2d at 541.

However, neither the statute nor the Eighth Amendment requires the State to prove knowledge or consent. Indeed, the only reference in the statute to knowledge or consent is found in subsection (ii), which affords an exception to forfeiture where the property owner *"did not know* of the act which made the property subject to forfeiture, or *did not willingly consent* to the act."* Utah Code Ann. § 58–37–13(1)(i)(ii) (emphasis added).[3] The *Nephi* court correctly referred to this language as affording a property owner an "innocent-owner defense":

> We are persuaded that the analysis in *Austin* applies equally to section 58–37–13(1)(i). As pointed out in *Austin,* "forfeiture statutes historically have been understood as serving not simply remedial goals but also those of punishment and deterrence." In addition, as was true of the federal statutes at issue in *Austin,* section *58–37–13(1)(i)* contains an *"innocent-owner" defense.*

*Nephi,* 886 P.2d at 540 (emphasis added) (citation omitted) (quoting *Austin,* 509 U.S. at 622 n. 14, 113 S.Ct. at 2812 n. 14). Because the exception is an affirmative defense, it must be raised and proved by the property owner who claims the exception, not by the State. Neither the Eighth Amendment nor any other constitutional provision requires the State to prove knowledge or consent. *See, e.g., Bennis v. Michigan,* —— U.S. ——, ——, 116 S.Ct. 994, 998, 134 L.Ed.2d 68 (1996) ("[A] long and unbroken line of cases holds that an owner's interest in property may be forfeited by reason of the use to which the property is put even though the owner did not know that it was to be put to such use.").[4] Nor has Cannon argued that

---

**2.** This section has been amended since the date of this incident. The current forfeiture provision is found in section 58–37–13(2)(i).

**3.** The current version of the statute similarly requires proof that the property owner "did not know or have reason to know of the conduct which made the property subject to forfeiture, or did not willingly consent to the conduct." Utah Code Ann. § 58–37–13(2)(i)(ii).

**4.** In *Bennis,* the co-owner husband used the family car to engage in sexual acts with a prostitute. The car was forfeited under a Michigan statute as

a public nuisance, even though the co-owner wife did not know of or consent to the misuse of the car. The Michigan statute did not require the state to prove knowledge or consent as a condition for forfeiture, nor did the statute allow the property owner to interpose an innocent-owner defense. Although the trial court possessed equitable powers to award one-half of the proceeds after sale to an innocent co-owner, the trial judge in *Bennis* did not exercise this equitable power. Therefore, the wife did not receive any portion of the proceeds from the sale of her car. The co-owner wife argued that she was constitutionally entitled to an innocent-owner defense where she

proof of knowledge or consent is constitutionally required to establish a forfeiture under section 58–37–13(1)(i).

The *Nephi* court's statement that section 58–37–13(1)(i) requires the State to prove that a property owner "knew about or willingly consented to the act which made the property subject to forfeiture" is clearly an inaccurate statement of the statutory requirements for forfeiture. The legislature did not require proof that a property owner "knew about or willingly consented to the act which made the property subject to forfeiture." It required the exact opposite (proof that the property owner "did not know" or "did not willingly consent" to the act which made the property subject to forfeiture). The *Nephi* court's interpretation of the statute reads the word "not" out of the statute and incorrectly imposes a burden upon the State to prove knowledge or consent. This is inconsistent with the clear and unambiguous language of the statute.

The circumstances where a property owner did not know about the use of the property or did not willingly consent to its use are clearly identified as exceptions to forfeiture. Placing a burden of proving knowledge or consent on the State is therefore inconsistent with the clear and unambiguous language of the statute. Placing a burden of proof on the State is likewise inconsistent with the notion that one who claims an exception to a general rule must bear the burden of proving that he or she comes within the exception. Therefore, I would conclude that the State does not bear any burden to prove knowledge or consent as a prerequisite to forfeiture under section 58–37–13(1)(i). Knowledge and consent become relevant only if the property owner raises the innocent-owner defense; in which case, the property owner must bear the burden of proving that he or she "did not know" or "did not willingly consent."

Because there is no statutory or constitutional requirement that the State introduce evidence concerning knowledge or consent, I would hold that the exception to forfeiture

provided by subsection (i)(ii) is an affirmative defense that must be raised and proved by Cannon. Nevertheless, because the majority sustained the trial court on other grounds, I concur in the result.

---

was not aware of the use which subjected her car to forfeiture—a right which is statutorily provided to an innocent owner in Utah where the owner "did not know of the act which made the property subject to forfeiture, or did not willingly consent to the act." Utah Code Ann. § 58–37–13(1)(i)(ii). The Supreme Court found no constitutional infirmity in Michigan's failure to allow an innocent-owner defense.