2002 UT App 331

**AMERICAN FORK CITY, Plaintiff and Appellee,**

v.

**Larry J. SINGLETON, Defendant and Appellant.**

**No. 20010706–CA.**

Court of Appeals of Utah.

Oct. 10, 2002.

Noall T. Wootton, American Fork, for Appellant.

James Tucker Hansen, Duval, Hansen, Witt & Moreley, LLC, American Fork, for Appellee.

Before Judges DAVIS, GREENWOOD, and THORNE.

## OPINION

THORNE, Judge:

¶ 1 Larry J. Singleton appeals his conviction for driving while under the influence of alcohol (DUI). Singleton argues that his arrest was unlawful and that all evidence obtained incident to his arrest should be suppressed. We conclude that the trial court's order denying the motion to suppress is incomplete and therefore remand for further proceedings.

## BACKGROUND

¶ 2 Following a report alleging custodial interference, police officers encountered Singleton standing outside his house. While outside the home, the officers came to believe that Singleton had been driving while intoxicated. At Singleton's invitation, the officers entered Singleton's home. Once inside, the officers asked Singleton to perform several field sobriety tests. Soon after, Singleton became uncooperative and, according to Singleton, the police arrested him for obstruction of justice. Subsequently, at the police station, Singleton was told that if he cooperated with the police he would be released. Singleton registered a blood alcohol content

of 0.249 on an intoxilyzer test and was then charged with DUI. Singleton filed a motion to suppress any evidence obtained following his arrest, claiming that his arrest was unlawful because the officer lacked probable cause to arrest him for obstruction of justice. At the hearing, the officer testified that he had arrested Singleton both for obstruction of justice and DUI and the State argued that a mistaken pronouncement of the basis for arrest did not taint the arrest. The court denied Singleton's motion to suppress and ordered the prosecution to prepare an order. The order tendered by the prosecution, and signed by the court, contained no findings of fact or conclusions of law and provided in its entirety:

This matter came before the Court on Defendant's Motion to Suppress Evidence. Counsel submitted memoranda in support of and opposition to this motion and a hearing was held on May 3, 2000 where testimony was presented and oral argument heard. After the hearing, the Court sought supplemental memoranda from counsel, which were submitted.

THEREFORE, based on the memoranda submitted by counsel, the evidence presented at the suppression hearing and the oral argument thereon, the Court enters the following ORDER:

1. That Defendant's Motion to Suppress is denied.

The order neither explained the reasoning of the court nor resolved any of the factual disputes.

¶ 3 Singleton subsequently entered a conditional guilty plea, preserving his claim that his arrest was unlawful and that the evidence obtained at the police station after his arrest should be suppressed.

## ANALYSIS

¶ 4 Singleton argues that his arrest was unlawful and that the evidence obtained following his arrest should be suppressed. We do not address this substantive argument because the trial court failed to articulate findings of fact or conclusions of law in its order denying Singleton's motion to suppress. The parties have not addressed the issues of the absence of findings of fact and conclusions of law, but this fundamental defect makes it impossible to review the sub-

stantive issues without invading the trial court's fact finding domain. *See generally State v. Real Prop. at 633 E. 640 N.*, 942 P.2d 925, 931 (Utah 1997), *cert. denied* 530 U.S. 1262, 120 S.Ct. 2718, 147 L.Ed.2d 983; *Butler, Crockett & Walsh Dev. Corp. v. Pinecrest Pipeline Operating Corp.*, 909 P.2d 225, 231–32 (Utah 1995); *Acton v. Deliran*, 737 P.2d 996, 999 (Utah 1987).

¶ 5 "Trial courts are given primary responsibility for making determinations of fact." *State v. Pena*, 869 P.2d 932, 935 (Utah 1994). Thus, "[i]t is inappropriate for an appellate court . . . to assume the role of weighing evidence and mak[e] its own findings of fact." *Bailey v. Bayles*, 2002 UT 58,¶ 19, 52 P.3d 1158. Stated another way, "[i]t is not within the appellate court's authority to review de novo the factual underpinnings of a motion to suppress." *Pena*, 869 P.2d at 939 n. 4. In another context, we have pointed to the fact-intensive nature of Fourth Amendment issues as a basis for not allowing appellate courts to conduct a de novo review. For example, regarding reasonable suspicion, the Utah Supreme Court has stated:

> Reasonable-suspicion determinations are highly fact dependent, and the fact patterns are quite variable. It would be impractical for an appellate court to review every reasonable-suspicion determination de novo and then pronounce whether each unique factual setting rises to the level of reasonable suspicion as a matter of law. If we were to try, it is likely that the resulting case law would be [more] confusing and inconsistent.

*Id.* at 940 (footnote omitted); *see also State v. Ramirez*, 817 P.2d 774, 788 (Utah 1991)

(" '[T]he issues presented in search and seizure cases are highly fact sensitive. . . . Thus, detailed findings are necessary to enable this court to meaningfully review the issues on appeal.' " *Quoting State v. Lovegren*, 798 P.2d 767, 770 (Utah App.1990) (alterations in original)).

¶ 6 The same reasoning applies to determinations of probable cause to make an arrest. Appellate courts rely upon the trial court to make factual findings and give deference to the trial court regarding factual matters because "it is before [the trial] court that the witnesses and parties appear and the evidence is adduced." *Pena*, 869 P.2d at 936. Logically, the trial court is "in the best position to assess the credibility of witnesses and to derive a sense of the proceeding as a whole, something an appellate court cannot hope to garner from a cold record." *Id.*

¶ 7 Because the trial court failed to make findings of fact or conclusions of law regarding whether there was probable cause to arrest Singleton for either DUI or obstruction of justice, we are faced with addressing these issues "without the factual context crucial to such constitutional determinations." *Real Prop. at 633 E. 640 N.*, 942 P.2d at 931. Without these findings, we cannot engage in a meaningful review of the trial court's ruling. *Id.*

¶ 8 Still, failure to make factual findings is not fatal in every instance. For example, failure to make factual findings is not reversible error if the facts in the record are "clear, uncontroverted, and capable of supporting only a finding in favor of the judgment." *Acton*, 737 P.2d at 999 (citation and quotations omitted).[1]

1. The court in *State v. Ramirez*, 817 P.2d 774 (Utah 1991), framed its test differently. However, both *Ramirez* and the cases cited above require remand for factual determinations if the evidence presented at trial is in conflict and would require the appellate court to resolve this conflict. *Id.* at 787.

In *Ramirez*, the court stated that when a trial court fails to make factual findings in the record, we " 'assume that the trier of facts found them in accord with its decision, and we affirm the decision if from the evidence it would be reasonable to find facts to support it.' " *Id.* at 787–88 (footnote omitted) (*quoting Mower v. McCarthy*, 122 Utah 1, 245 P.2d 224, 226 (1952)). However-

er, "[i]f the ambiguity of the facts makes this assumption unreasonable . . . we remand for a new trial." *Ramirez*, 817 P.2d at 788. In short, the court found that an appellate court may uphold a trial court "even if it failed to make findings on the record whenever it would be reasonable to assume that the court actually made such findings." *Id.* at 787–88 n. 6. However, if evidence is in conflict, the presumption does not apply. *See id.* at 788.

Here, the evidence is conflicting and therefore, we cannot reasonably conclude that the trial court actually made findings. The most notable conflict arises regarding what was said to Singleton at the time of his arrest. Also unresolved is whether the trial court believed that an incorrect

¶ 9 Here, the facts on the record are in conflict and thus, do not clearly and uncontrovertedly support the trial court's denial of Singleton's motion to suppress. For example, it is unclear whether Singleton was actually arrested for DUI or obstruction of justice, what Singleton was told regarding the basis for his arrest, or whether this was important. The trial court also made no factual findings determining whether the police had probable cause to arrest Singleton for either DUI or for obstruction of justice. These findings, among others, are necessary for this court to conduct a meaningful review of the facts and of the law as applied to those facts.

¶ 10 We do not, today, review the accuracy of the trial court's conclusion that the motion to suppress should be denied, but hold, instead, that the trial court should have made findings of fact and conclusions of law in the record.

¶ 11 The judgment is vacated and we remand the case for further proceedings.

WE CONCUR: JAMES Z. DAVIS, Judge, and PAMELA T. GREENWOOD, Judge.

pronouncement of the reason for arrest tainted the arrest. We could not affirm the trial court's denial of the motion to suppress without making

findings of fact, something that *Bailey v. Bayles*, 2002 UT 58, ¶ 19, 52 P.3d 1158, forbids.