2013 UT App 302

**Cindi R. McPHERSON, Petitioner
and Appellant,**

v.

**Gordon W. McPHERSON, Respondent
and Appellee.**

**No. 20130007–CA.**

Court of Appeals of Utah.

Dec. 27, 2013.

James H. Woodall, for Appellant.

Joshua K. Peterman, for Appellee.

Judge GREGORY K. ORME authored this Memorandum Decision, in which Judge STEPHEN L. ROTH and Senior Judge RUSSELL W. BENCH concurred.[1]

Memorandum Decision

ORME, Judge:

¶ 1 Cindi R. McPherson (Wife) appeals the trial court's ruling reducing her alimony by $500 per month, entering a judgment against her for alimony overpayment, and permitting the overpayment to be offset against the reduced alimony otherwise payable. We reverse and remand.

¶ 2 In August 2010, the trial court ordered Gordon W. McPherson (Husband) to pay Wife $800 per month in alimony. Husband appealed. We determined in *McPherson v. McPherson,* 2011 UT App 382, 265 P.3d 839, that the trial court erred when it failed to take into account Husband's tax liability and based the alimony award on his gross, rather than net, income. *Id.* ¶ 14. We also conclud-

1. The Honorable Russell W. Bench, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

ed that the trial court failed to address whether Husband's income was sufficient to make the required payments. *Id.* ¶ 15.

¶ 3 We remanded the case to the trial court "for recalculation of Husband's alimony obligation, taking into consideration his tax obligations and actual ability to pay." *Id.* ¶ 16. We noted that

> [i]n doing so, we acknowledge the trial court's discretion to make whatever other adjustments it deems necessary to achieve an equalization of the parties' standards of living or to explain its rationale for assigning a disproportionate percentage of the shortfall to one party.

*Id.* We also observed that the evidence in the record tended to demonstrate that Husband's reasonable monthly expenses plus the child support and alimony obligations imposed by the court exceeded his net monthly income by over $1500. *Id.* ¶ 15. We noted, however, that while this court must rely upon the record evidence, "we do not intend to preclude the trial court from considering whatever evidence it deems appropriate on remand." *Id.* ¶ 14 n. 4.

¶ 4 On remand, the parties argued that there was no need for new evidence in order for the trial court to recalculate alimony. The trial court found that "the appellate opinion has caused the parties to differ greatly" as to the meaning of the opinion and "has caused [the trial] court to struggle as well. For example, one of the reasons the court in the original trial did not find net income was because of what [the trial] court perceived as the paucity of evidence in that regard." The trial court asserted that "[o]n appeal, the appellate court seemingly found within the record sufficient evidence to find husband's net income was $3270 per month, relying upon a revised financial declaration which was part of the record." The trial court expressed that it "felt then, and now" that the financial declaration did not accurately represent Husband's tax liability. However, deeming itself constrained by the directions governing remand, the trial court determined that "it must now accept that

figure as determined on appeal by the court of appeals."

¶ 5 The trial court acknowledged the footnote in our opinion stating that the trial court was *not* precluded from making appropriate findings, but observed that "no evidence was presented on remand as to a true tax liability." "Thus," the trial court continued, "if this court found as in essence it did at trial that it could not and did not determine net income, seemingly that runs afoul of what the court of appeals has required." The trial court concluded that if the court of appeals found $3270 to be Husband's net income, then the trial court did "not believe it can find otherwise."

¶ 6 The trial court then recalculated alimony based on the $3270 figure, resulting in the substantial reduction of Wife's alimony and a judgment against her of nearly $27,000 in alimony overpayment—despite the fact that Wife is of very limited means and Husband is facing, in the trial court's words, reduced income due only to his own "irresponsible behavior." The trial court intimated more than once in its order that it was unhappy with the result but that it felt compelled to reach the result based on its reading of our previous opinion.

¶ 7 In registering our concerns in our prior opinion about the trial court's reliance on gross instead of net income, we were not aware of the problems that the trial court disclosed only on remand concerning the apparent "paucity" of evidence as to net income.[2] *See id.* ¶ 14 ("[W]e can find nowhere in the record where the trial court explains its failure to consider Husband's tax obligations when making its alimony determination."). Suffice it to say, insofar as the trial court was not convinced that there was reliable evidence to permit it to take into account Husband's net income, which is always preferred in calculating alimony, we in no way meant to tie the trial court's hands in considering the best evidence available to it (or the effect of a lack of evidence, for that

---

2. In general, trial courts dealing with cases on remand "are in a much better position to evaluate an entire case, including its nuances and undisclosed pitfalls, than an appellate court." *See Halladay v. Cluff*, 739 P.2d 643, 645 n. 5 (Utah Ct.App.1987).

matter) in calculating an appropriate alimony award.

¶ 8 We reverse the amended decree and again remand for the trial court to reconsider the alimony award as called for in our prior opinion, without any undue concern over the pronouncements we previously made as to Husband's net income. Those statements were intended to guide and focus the trial court's consideration on remand on an issue we concluded had not been adequately addressed; they were not intended to superimpose any particular findings of fact, limit the sound exercise of the trial court's discretion, or dictate any particular result.[3]

---

3. "Trial courts are given primary responsibility for making determinations of fact." *American Fork City v. Singleton*, 2002 UT App 331, ¶ 5, 57 P.3d 1124 (citation and internal quotation marks omitted). "It is inappropriate for an appellate court . . . to assume the role of weighing evidence and mak[e] its own findings of fact." *Bailey v. Bayles*, 2002 UT 58, ¶ 19, 52 P.3d 1158. In basing our analysis on the evidence of income that appeared in the record before us, we in no way meant to suggest that we were making a finding of fact as to its validity. That duty is for the trial court alone.