**Neldon L. LEMON and Neldon L. Lemon Construction Company, Inc., a Utah corporation, Plaintiffs and Appellants,**

**v.**

**Jay COATES and Larry Lahusen, Defendants and Respondents.**

**No. 18706.**

Supreme Court of Utah.

March 27, 1987.

of the breach of fiduciary duty, he was induced to withdraw from the joint venture, which was subsequently quite profitable. At the close of plaintiff's evidence, defendants were granted an involuntary dismissal of plaintiff's claims, which plaintiff now appeals. We affirm.

Plaintiff filed his complaint on August 20, 1979. The case was bifurcated for trial, with the issue of liability to be determined at the first trial and the amount of damages, if any, to be determined at the second trial. At the close of plaintiff's evidence, defendants moved for dismissal pursuant to Utah Rule of Civil Procedure 41(b), which provides in part:

> After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.

The trial court granted defendants' motion, finding that although a joint venture had existed, no material misrepresentation or nondisclosure had occurred and plaintiff had voluntarily left the venture.

Two issues are presented on appeal: whether the trial court erred in finding that no material misrepresentation had occurred, and whether the trial court erred in refusing to consider certain expert testimony offered by plaintiff.

In November 1976, the parties entered into an oral agreement to conduct exploratory drilling for uranium ore pursuant to a contract defendants had with the Atlas Corporation. The Atlas contract promised to pay $2 per pound for the uranium ore. The contract was speculative in that a minimum of 100,000 pounds of ore had to be

Paul W. Mortensen, Harry E. Snow, Moab, for plaintiffs and appellants.

Albert J. Colton, William G. Waldeck, Joseph Coleman, Salt Lake City, for defendants and respondents.

DURHAM, Justice:

Plaintiff[1] sued defendants, claiming that defendants wrongfully withheld or misrepresented material information in breach of a fiduciary duty defendants owed plaintiff because a joint venture existed between the parties. Plaintiff alleged that as a result

---

**1.** This action was originally brought only by Neldon Lemon. The pleadings were amended at the end of Lemon's evidence to include his company, Lemon Construction Company, Inc., as a plaintiff. We shall refer to plaintiff in the singular to avoid confusion concerning whether we refer to the pre- or post-amendment phase.

available before Atlas was obligated to pay anything. To qualify as ore, the samples had to be of a grade specified by the contract.

In December 1976, after plaintiff had drilled five holes, a dispute arose between the parties as to the method of drilling. On December 30, plaintiff suggested that defendants pay him an hourly rate for the work done and allow him to withdraw from the arrangement. Defendants agreed, and plaintiff was paid $7,273.90 on or before January 2, 1977.

Plaintiff claims that when he withdrew from the agreement, defendants were in possession of material information that they either misrepresented to or withheld from him. The trial court found that no misrepresentation or withholding of material evidence had occurred.

The direct and cross-examination of plaintiff's witnesses produced conflicting testimony as to whether material evidence was withheld or misrepresented. It was the function of the judge, acting as the trier of fact, to decide which evidence was more credible on this issue. We may not disturb the judge's findings unless they are clearly erroneous. Utah R.Civ.P. 52(a). Plaintiff has not met this burden. Utah Rule of Civil Procedure 41(b) is appropriately applied when the trial judge finds that the claimant has either failed to make out a prima facie case or when the trial judge is not persuaded by the evidence presented by the claimant. *Wessel v. Erickson Landscaping*, 711 P.2d 250, 252 (Utah 1985). We have reviewed the record and find that the trial judge was within his discretion in granting the motion to dismiss.

Plaintiff's contention that the trial court committed error in refusing to consider certain expert testimony is likewise unconvincing. Deciding whether a witness is believable and determining what weight to assign a witness's testimony are matters within the discretion of the finder of fact. *Holland v. Brown*, 15 Utah 2d 422, 394 P.2d 77 (1964); *Yelderman v. Yelderman*, 669 P.2d 406 (Utah 1983). We think it was within the trial court's discre-

tion to decide that the expert's opinion was not persuasive.

It is apparent from reading the transcript in this case that the trial court simply disbelieved much of plaintiff's evidence. Having failed to convince the trial court, plaintiff is not entitled to a reversal and a new trial. The judgment of the trial court is affirmed. Costs to respondents.

HALL, C.J., STEWART, Associate C.J., and HOWE and ZIMMERMAN, JJ., concur.