**Harlen W. BROWN, Plaintiff and Appellant,**

v.

**HARRY HEATHMAN, INC., Harry Heathman dba Heathman Investment Co., and Heathman Properties, Defendants and Respondents.**

No. 860154–CA.

Court of Appeals of Utah.

Oct. 29, 1987.

---

Randall J. Holmgren, Shields, Shields & Holmgren, Salt Lake City, for plaintiff and appellant.

Thomas T. Billings, Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for defendants and respondents.

Before JACKSON, BENCH and DAVIDSON, JJ.

## MEMORANDUM DECISION

JACKSON, Judge:

Harlen W. Brown sued for rescission of a conditional sales contract which obligated him to purchase a motor vehicle from Harry Heathman, Inc. ("Heathman"). Brown claimed he was induced to enter into the contract by fraudulent misrepresentations that the car was "new," when in fact it had been driven for almost 12,000 miles. His complaint was dismissed after a bench trial. We affirm.

Our analysis of two issues will be dispositive of this appeal: (1) Did the court abuse its discretion by admitting into evidence the deposition testimony of Heathman's salesman? (2) Are the trial court's findings of fact on the elements of fraud clearly erroneous?

Brown, a professional truck driver, appeared at the Heathman car dealership one evening in September, 1979 and negotiated with salesman Robert H. Posey for the purchase of a 1979 Buick Regal. Their transaction included Brown's trade-in of his 1978 Chevrolet as the down payment. The balance of the purchase price was to be financed over 48 months. Brown signed a Vehicle Buyer's Order form which indicated the car was "new," but showed the Regal's mileage as "Out ODO 11946" and the Chevrolet's mileage as "Trade 13,605." An invoice form, also signed by Brown, had an X through the word "used" and the letters "DT" after the car's make and model, a notation indicating that the car had been used for drivers' training.

Brown had the opportunity to inspect the Regal and observe its odometer; he drove it before the deal was finalized. During the month after his purchase, the dealership performed some repairs the parties had negotiated and also attended to several of Brown's new complaints. About one month after the purchase, Brown advised Heathman that he no longer wanted the car and then commenced this action.

Brown made no monthly payments under the conditional sales contract and security agreement. Heathman lawfully repossessed the car approximately six months later.[1]

On appeal, Brown first avers that the court erred in admitting portions of salesman Posey's deposition—taken by Brown's former counsel—as a hearsay exception under Utah R.Evid. 804(b)(1) because respondents made an inadequate showing that Posey was "unavailable" as defined in Utah R.Evid. 804(a)(5). This subsection states that a declarant is unavailable if "absent from the hearing and the proponent of his statement has been unable to procure his attendance *by process or other reasonable means*" (emphasis added).

■ Respondents' counsel asserted at trial that they had been unable to locate Posey, that the only former Heathman employee left in the area did not know Posey's whereabouts, and that service of a subpoena was not attempted because respondents did not have any address for Posey. Similarly, when a proponent of prior testimony stated at trial that the witness resided outside the state and was beyond process—using the same definition of unavailability in Fed.R.Evid. 804(a)(5)—the Fifth Circuit held that "[i]t was within the discretion of the trial court to accept or reject counsel's representations [about unavailability]." *Bailey v. Southern Pac. Transp. Co.,* 613 F.2d 1385, 1390 (5th Cir.1980) (quoting *Castilleja v. Southern Pac. Co.,* 445 F.2d 183, 186 (5th Cir.1971)) (brackets in *Bailey*), cert. denied, 449 U.S. 836, 101 S.Ct. 109, 66 L.Ed.2d 42 (1980). *Accord Utah Dept. of Social Servs. v. Ruscetta,* 742 P.2d 114, 117 (Utah App.1987). Furthermore, contrary to the representation made in appellant's brief, the unsworn oral conclusion of respondents' counsel is not the only "evidence" of Posey's unavailability. The

record also contained an affidavit of respondents' counsel, filed in December of 1984 (six months before trial) in support of respondents' motion to dismiss for Brown's failure to prosecute the action, in which he asserted that the dealership had stopped doing business over two years previously and that the salesman's whereabouts were unknown. In opposition to respondents' motion to dismiss, Brown's counsel himself suggested that no prejudice had resulted from the five year delay because Posey's testimony had been preserved for trial use in deposition form. Despite this, Brown's counsel insisted at oral argument before this Court that he really wanted Posey at trial for cross-examination, although he made no effort to locate Posey.

■ Appellant argues that, in order to show inability to procure the attendance of a witness under Utah R. Evid. 804(a)(5), a proponent of prior testimony must *always* attempt service of process. But by its disjunctive terms, "process or other reasonable means," the rule clearly contemplates reasonable means other than process. As the trial court accurately pointed out, Rule 804(a)(5) does not require a patently futile attempt to serve a subpoena on a potential witness in this case whose physical location and address are completely unknown. *See People v. Forgason,* 99 Cal.App.3d 356, 160 Cal.Rptr. 263, 266–67 (1979).

The trial court admitted Posey's prior deposition testimony after holding that his unavailability had been adequately shown. On the record before us, we find no abuse of discretion in that determination.

Appellant next challenges the trial court's conclusion that he failed to prove his cause of action. Brown elected to plead and prove his entire case via fraud.[2] By proceeding on that theory, he was required

---

1. Heathman had filed a counterclaim for any deficiency resulting after its sale of the repossessed Regal, but it was voluntarily dismissed by respondents at the outset of trial. Although the Regal was apparently resold, appellant offered no evidence concerning the resale and never answered the counterclaim or amended his complaint to include a claim under Utah Code Ann. § 70A–9–504(2) (1980) for the surplus, if

any, after a commercially reasonable sale of the repossessed car.

2. After a thorough examination of the trial transcript and all the pleadings, we reject as completely groundless appellant's contention that he pleaded and/or tried additional causes of action for contract breach and unjust enrichment.

to establish the following elements: (1) a false representation by Heathman concerning a presently existing material fact (2) made knowingly or recklessly (3) for the purpose of inducing Brown to rely thereon (4) upon which Brown reasonably and justifiably relied (5) to his detriment. *Horton v. Horton*, 695 P.2d 102, 105 (Utah 1984); *Dugan v. Jones*, 615 P.2d 1239, 1246 (Utah 1980). Brown's burden at trial was to prove each element by clear and convincing evidence. *Cheever v. Schramm*, 577 P.2d 951, 954 (Utah 1978).

 The trial court specifically found that Brown failed to establish that Heathman or its agents had knowingly made a false representation. On appeal, Brown misguidedly reargues his case, urging us to believe only his interpretation of the oral and documentary evidence adduced at trial and to make the opposite finding. That is not our function. *See Rucker v. Dalton*, 598 P.2d 1336, 1338 (Utah 1979). We may not disturb the trial court's findings unless they are clearly erroneous. *Lemon v. Coates*, 735 P.2d 58, 60 (Utah 1987); Utah R.Civ.P. 52(a).

Brown looked at the car and drove it. The odometer, in plain view, showed the correct mileage. He was a professional truck driver and experienced car buyer, not an unwitting eighteen year old or first-time purchaser. The fact that the word "new" was used in the contract and vehicle order form does not compel the conclusion that a misrepresentation was made as to the car's condition. The latter document also showed the Buick's outgoing mileage; Brown read the document and signed it. Posey's testimony, although disputed by Brown, was that he explained the notation "DT" on the invoice form and told Brown that the car had been used as a demonstrator. Clearly, Brown knew or should have known he was not buying a "brand" new car devoid of mileage.

Because there is substantial competent evidence to support the finding that no false representations were knowingly made, and because we are convinced that the factfinder made no mistake, we will not disturb the finding on appeal. *See State v. Walker*, 743 P.2d 191, 193 (Utah 1987).

We affirm the judgment and award costs to respondents. Because appellant's first issue on appeal is reasonably arguable, albeit meritless, we conclude that this appeal is not frivolous. Respondents' request under R.Utah Ct.App. 33(a) for an award of attorney fees incurred on appeal is, therefore, denied. *See* R.Utah Ct.App. 40(a); *O'Brien v. Rush*, 744 P.2d 306, 310 (Utah App.1987).

DAVIDSON and BENCH, JJ., concur.