2013 UT App 209

## THE UTAH COURT OF APPEALS

DONALD DENNETT AND WAKARA ELK VENTURES, LLC,
Plaintiffs, Counterclaim Defendants, and Appellants,
*v.*
STEWART FERBER,
Defendant, Counterclaim Plaintiff, and Appellee.

Per Curiam Decision
No. 20120413-CA
Filed August 22, 2013

Fifth District, St. George Department
The Honorable James L. Shumate
No. 090502490

Blaine T. Hofeling, Attorney for Appellant Wakara
Elk Ventures, LLC
Donald Dennett, Appellant Pro Se
Russell J. Gallian and Matthew D. Ekins, Attorneys
for Appellee

Before JUDGES ORME, MCHUGH, and ROTH.

PER CURIAM:

¶1      Donald Dennett and Wakara Elk Ventures, LLC appeal an April 17, 2012 order denying a motion to dismiss for lack of jurisdiction and granting a motion for sanctions. Wakara subsequently filed an amended notice of appeal seeking review of the district court's December 27, 2012 order denying Wakara and Dennett's motion for relief from various orders.

¶2      In the first instance, we address whether we have jurisdiction to resolve the issues raised in Dennett's and Wakara's briefs concerning the December 27, 2012 order denying their rule 60(b)(6) motion for relief from judgment. The parties originally

filed timely, but separate, notices of appeal from the April 17, 2012 order denying a post-judgment motion to dismiss for lack of jurisdiction and granting a motion for sanctions. After consolidating the two cases, we issued an order of partial summary dismissal, dismissing some claims asserted by the parties over which this court lacked jurisdiction. During this time frame, Dennett and Wakara were pursuing a motion for relief from judgment under rule 60(b) of the Utah Rules of Civil Procedure in the district court. The district court issued an order on December 27, 2012, resolving the parties' rule 60(b) motion. Subsequently, Wakara filed an amended notice of appeal. Dennett did not file an amended notice of appeal or a new notice of appeal after entry of this order.

¶3      A ruling on a rule 60(b) motion culminates in a separate, appealable order and, thus, may not be included in an existing appeal because the issues raised in the appeal predated the ruling on the rule 60(b) motion. *See Amica Mut. Ins. Co. v. Schettler*, 768 P.2d 950, 970 (Utah Ct. App. 1989). Accordingly, this court lacks jurisdiction to resolve issues raised in a ruling on a rule 60(b) motion unless a new notice of appeal has been filed. *See* Utah R. App. P. 4(a) (requiring a notice of appeal to be filed within thirty days of a final, appealable order). Here, Wakara should have filed a new notice of appeal after the district court issued its order on the rule 60(b) motion and then sought consolidation of its newly opened appeal with this pre-existing appeal. However, Wakara adequately evidenced an intent to appeal those issues by filing an amended notice of appeal, which was timely filed after entry of the order. Accordingly, we have jurisdiction to resolve the issues raised by Wakara from the order on the rule 60(b) motion. For the convenience of the parties and the court, we then consolidated the issues raised in the appeal of the rule 60(b) order into this pre-existing appeal.

¶4      However, we do not have jurisdiction over those same issues raised by Dennett because Dennett did not file a notice of appeal, or even an amended notice of appeal, after entry of the

order resolving the rule 60(b) motion. Accordingly, this court lacks jurisdiction to resolve any issues raised by Dennett concerning the rule 60(b) motion. *See Amica Mut. Ins.*, 768 P.2d at 970. Thus, we have jurisdiction over only the two issues Dennett raises in his timely appeal from the district court's April 17, 2012 order denying a post-judgment motion to dismiss and granting a motion for sanctions.

¶5      Having clarified the scope of our jurisdiction, we begin our analysis of the issues by first addressing Wakara's and Dennett's claims relating to the April 17, 2012 order. Wakara and Dennett both assert that the district court violated Article one, Section eleven of the Utah Constitution, the Open Courts Clause, in its April 17, 2012 order by imposing certain filing restrictions on them. Wakara's and Dennett's arguments are inadequately briefed. *See generally* Utah R. App. P. 24(a)(9) ("The argument shall contain the contentions and reasons of the appellant with respect to the issues presented, including the grounds for reviewing any issue not preserved in the trial court, with citations to the authorities, statutes, and parts of the record relied on."). This court has previously concluded that filing restrictions may be valid and constitutional if the district court complies with certain safeguards sufficient to provide the litigant in question with due process. *See Gardiner v. York*, 2010 UT App 108, ¶ 25, 233 P.3d 500 (citing *Florida Bar v. Thompson*, 979 So. 2d 917, 920 (Fla. 2008) (rejecting a litigant's argument that filing restrictions violated his constitutional right of access to the courts where litigant was warned that such sanctions would be imposed if he continued to submit inappropriate filings, the procedure for filing future pleadings was explained, and the court held a show cause hearing before the sanctions took effect)). However, Wakara and Dennett have wholly failed to provide this court with any analysis that would allow us to determine if the district court complied with the requirements of *Gardiner*. Accordingly, we do not address this issue. *See Broderick v. Apartment Mgmt. Consultants, LLC*, 2012 UT 17, ¶ 11, 279 P.3d 391 (stating that the court has "discretion to not address an

inadequately briefed argument" (citation and internal quotation marks omitted)).

¶6     Wakara and Dennett next assert that the district court interfered with their right to appeal by stating in its April 17, 2012 order "[t]he time to appeal rulings made by the Court has expired." This issue, too, is inadequately briefed. Wakara and Dennett provide no legal analysis for their assertions. Further, they fail to allege how they were potentially harmed by any error when this court has independently reviewed the record to determine the scope of its jurisdiction. Accordingly, we decline to consider the issue.

¶7     Wakara further asserts that the district court erred in denying Wesley Dennett's and Karolee Dennett's motion to dismiss. No notice of appeal has been filed on behalf of Wesley and Karolee Dennett. Accordingly, Wesley and Karolee Dennett are not parties to this appeal and any claims raised on their behalf are not properly before this court. *See* Utah R. App. P. 3(b) (requiring multiple parties to an action who desire to appeal a final order of the district court to either file a joint notice of appeal or separate notices of appeal). Similarly, Wakara raises the issue of whether the district court erred in sanctioning Donald Dennett when it did not sanction counsel for Wakara. However, Wakara can only represent its own interests in this appeal, and it cannot raise issues on behalf of Donald Dennett. *See Provo City Corp. v. Thompson*, 2004 UT 14, ¶ 9, 86 P.3d 735 (noting that "a party may generally assert only his or her own rights and cannot raise the claims of third parties who are not before the court"). Accordingly, the issue is not properly before the court.[1]

---

1. Donald Dennett also attempts to raise this issue. As stated above, Dennett did not file a notice of appeal from the 60(b) motion in which he claims the issue was preserved. Accordingly, we lack jurisdiction over the issue advanced by Dennett.

¶8    Wakara's remaining claims of error concern the district court's denial of its motion for rule 60(b) relief. "We grant broad discretion to [a] trial court's rule 60(b) rulings because most are equitable in nature, saturated with facts, and call upon judges to apply fundamental principles of fairness that do not easily lend themselves to appellate review." *Fisher v. Bybee*, 2004 UT 92, ¶ 7, 104 P.3d 1198.

¶9    "The remedies provided by rule 60(b) should not be understood to be 'a substitute for appeal.' Subsection (6), particularly, 'should be very cautiously and sparingly invoked by the court only in unusual and exceptional circumstances.'" *Kell v. State*, 2012 UT 25, ¶ 18, 285 P.3d 1133 (citations omitted). Furthermore,

> "an appeal or motion for new trial, rather than a [Rule] 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence, especially where the [Rule] 60(b) motion is filed after the time for appeal has expired. . . . The policy behind such a reading of [Rule] 60(b) is clear; parties should not be allowed to escape the consequences of their failure to file a timely appeal by addressing questions of law to the trial court for reconsideration. That is the function of appellate courts. If allowed to raise the same questions in a [Rule] 60(b) motion that would have been raised in an appeal from the merits, a party would be able to effect an indirect extension of the time for appeal by appealing the [Rule] 60(b) motion within thirty days of its disposition."

*Franklin Covey Client Sales, Inc. v. Melvin*, 2000 UT App 110, ¶ 21, 2 P.3d 451 (alterations in original) (quoting *Parke–Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989)).

¶10    Wakara fails to demonstrate that the district court abused its discretion in denying Wakara's motion for relief from the judgment under rule 60(b)(6). It has not explained why the alleged legal errors raised were not raised in a direct appeal. Instead, Wakara merely argues why the district court's original decisions were incorrect. Thus, Wakara was attempting to escape its previous failure to file a direct appeal after entry of the original judgment in 2011. Because this is not the function of rule 60(b), the district court did not abuse its discretion in denying the motion. *See id.*

¶11    Finally, Ferber seeks attorney fees incurred during the course of this appeal. The judgment against Dennett and Wakara includes an award of attorney fees based, in part, on the fact that Ferber prevailed on his unlawful detainer claim. *See* Utah Code Ann. § 78B-6-811(3) (LexisNexis 2012) (stating that a judgment for unlawful detainer shall include reasonable attorney fees). Furthermore, "[t]he general rule is that when a party who received attorney fees below prevails on appeal, the party is also entitled to fees reasonably incurred on appeal." *Robertson's Marine, Inc. v. 14 Solutions, Inc.*, 2010 UT App 9, ¶ 8, 223 P.3d 1141. Accordingly, because Ferber was awarded attorney fees by the district court and prevailed on this appeal, he is entitled to reasonable attorney fees incurred in this appeal. The amount of such fees shall be determined by the district court.

¶12    Affirmed.

––––––––––