2014 UT App 102

**Vladimir STEINBERG, Plaintiff and Appellant,**

v.

**COMMUNITY HOUSING SERVICES– CAPITOL VILLA, LTD., Defendant and Appellee.**

**No. 20130438–CA.**

Court of Appeals of Utah.

May 8, 2014.

**674**

Stephen D. Spencer, Murray, for Appellant.

Richard C. Terry and Douglas A. Oviatt, Salt Lake City, for Appellee.

Senior Judge RUSSELL W. BENCH authored this Memorandum Decision, in which Judges J. FREDERIC VOROS JR. and MICHELE M. CHRISTIANSEN concurred.[1]

### Memorandum Decision

BENCH, Senior Judge:

¶ 1 Vladimir Steinberg (Tenant) appeals from the trial court's dismissal of his claims for conversion and violation of the right to quiet use and enjoyment. We affirm.[2]

¶ 2 In July 2008, Tenant moved into an apartment owned by Community Housing Services–Capitol Villa, Ltd. (Landlord). On March 25, 2011, Tenant delivered to Landlord a signed notice of intent to vacate (the Notice), indicating his intention to move out of the apartment no later than April 1. Tenant moved his furniture out of the apartment prior to April 1. Relying on the Notice, Landlord began renovating the apartment on April 4.

¶ 3 In late April, Tenant filed a complaint against Landlord, alleging that Landlord had violated his right to quiet use and enjoyment.

---

1. The Honorable Russell W. Bench, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

2. Where the trial court granted a defendant's motion to dismiss and made findings as authorized by rule 41(b) of the Utah Rules of Civil Procedure, "we review the evidence in the light most favorable to the findings." *Petty v. Gindy Mfg. Corp.*, 17 Utah 2d 32, 404 P.2d 30, 31 (1965).

According to Tenant, the Notice, which he had signed on March 25, indicated his plan to vacate thirty-five days later and entitled him to remain in the apartment until the end of April. Tenant therefore alleged that Landlord's April 4 entry into his apartment was an unlawful eviction. In addition, Tenant asserted a claim for conversion based on his allegations that Landlord retained control over cash and jewelry that Tenant had left in the apartment.

¶ 4 The trial court held a bench trial on February 19, 2013. At the close of Tenant's case-in-chief, Landlord moved to dismiss, pursuant to rule 41(b) of the Utah Rules of Civil Procedure. In addressing Landlord's motion, the trial court found that Tenant's testimony was not credible and contained numerous contradictions. The trial court then concluded that Tenant had failed to present credible evidence in support of his claims and therefore dismissed Tenant's case with prejudice. Tenant appeals.

█ ¶ 5 Rule 41(b) provides, "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence the defendant ... may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief." Utah R. Civ. P. 41(b). "A trial court may grant a motion for involuntary dismissal under rule 41(b) 'when the trial judge finds that the claimant has either failed to make out a prima facie case or when the trial judge is not persuaded by the evidence presented by the claimant.'" *Richards v. Cook*, 2013 UT App 250, ¶ 5, 314 P.3d 1040 (quoting *Lemon v. Coates*, 735 P.2d 58, 60 (Utah 1987)). "Because the trial court in this case made findings of fact and granted the rule 41(b) motion based on its determination that it was unpersuaded by the evidence, we defer to the court's decision insofar as its findings are not clearly erroneous." *See id.* (citing *Lemon*, 735 P.2d at 60; *Petty v. Gindy Mfg. Corp.*, 17 Utah 2d 32, 404 P.2d 30, 31

(1965)). "A finding is clearly erroneous only if the finding is without adequate evidentiary support or induced by an erroneous view of the law." *Hale v. Big H Constr., Inc.*, 2012 UT App 283, ¶ 9, 288 P.3d 1046 (citation and internal quotation marks omitted). "Therefore, we will not disturb a finding unless it is against the clear weight of the evidence, or if [we] otherwise reach[ ] a definite and firm conviction that a mistake has been made." *Id.* (alterations in original) (citation and internal quotation marks omitted). Tenant challenges the trial court's involuntary dismissal of his two claims, arguing that the trial court's findings of fact are clearly erroneous.[3]

█ ¶ 6 First, Tenant challenges the trial court's dismissal of his claim for violation of his right to quiet use and enjoyment, arguing that the trial court clearly erred in finding that Tenant no longer held a tenancy as of April 1, 2011. The covenant of quiet enjoyment protects a tenant from actual or constructive eviction by someone with superior title. *See Cook Assocs., Inc. v. Utah Sch. & Institutional Trust Lands Admin.*, 2010 UT App 284, ¶ 30, 243 P.3d 888 ("[I]n Utah, the covenant of quiet enjoyment is synonymous with the covenant of warranty, both of which protect the grantee of a property interest from actual or constructive eviction by someone with superior title."). Here, Tenant essentially claims that Landlord actually evicted him by entering the apartment on April 4, 2011.

█ ¶ 7 A plaintiff complaining of forcible entry or forcible detainer is required to show "that he was peaceably in the actual possession at the time of the forcible entry, or was entitled to the possession at the time of the forcible detainer." Utah Code Ann. § 78B–6–809 (LexisNexis 2012); *see also Frisco Joes, Inc. v. Peay*, 558 P.2d 1327, 1329–30 (Utah 1977) ("A necessary predicate to [a] cause of action for forcible entry is that [the

---

3. Landlord argues that Tenant did not preserve these arguments for appeal because he did not file an objection to the proposed findings of fact and conclusions of law. However, Tenant brought his arguments to the trial court's attention when he opposed Landlord's rule 41(b) motion. *See generally 438 Main St. v. Easy Heat,*

*Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 (stating that to preserve an issue, "the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue" (citation and internal quotation marks omitted)). Accordingly, we address the merits of Tenant's arguments on appeal.

plaintiff is] in actual and peaceable possession of the property. [A plaintiff cannot] be so if there [has] been abandonment or a surrender of the premises." (footnote omitted)); *Wangsgard v. Fitzpatrick*, 542 P.2d 194, 195 (Utah 1975) ("Plaintiff, not being in actual possession of the premises or entitled to the possession, cannot sustain an action for forcible entry; and for the same reason cannot sustain an action for wrongful eviction."). If a tenant has given the landlord a notice of intent to vacate and has terminated his tenancy, he is no longer in actual possession of the premises. *Cf. Coleman v. Thomas*, 2000 UT 53, ¶ 14, 4 P.3d 783 (explaining that "the act of giving notice . . . triggers the termination of the lease" for a periodic tenancy).

¶ 8 In this case, the trial court found that Tenant signed and delivered a written notice of intent to vacate, which indicated his intent to move out of the apartment no later than April 1, 2011. The trial court also found that Tenant moved his furniture out of the apartment prior to April 1. The trial court therefore found that Tenant terminated his tenancy by delivering the Notice and that Landlord's reliance on the Notice was reasonable. The trial court also determined that Tenant vacated the apartment effective April 1.

¶ 9 Tenant argues that the trial court clearly erred in finding that he no longer held a tenancy as of April 1 because the trial court failed to consider the evidence to the contrary. Specifically, Tenant claims that the trial court did not consider his testimony that he intended to move by the end of April rather than by the beginning of April, the evidence that Tenant had paid rent for the month of April, and the evidence that Landlord refunded his deposit, which was contingent upon Tenant having given a thirty-day notice of his intent to vacate.

¶ 10 When "there is conflicting evidence, we defer to the trial court as the factfinder," and "[t]he existence of conflicting evidence does not give rise to clear error as long as evidence supports the trial court's decision." *Hale v. Big H Constr., Inc.*, 2012 UT App 283, ¶ 60, 288 P.3d 1046 (citation and internal quotation marks omitted). Here, there is evidence in the record to support the trial court's findings. In particular, Tenant testified that on March 25, 2011, he informed Landlord's apartment manager (Manager) of his intent to move. The evidence showed that Tenant signed and delivered the Notice on March 25, in which he allegedly wrote in the portion of the form reserved for office use only that he was giving a thirty-five-day notice to vacate. Although Tenant testified that someone must have altered the Notice by changing the "35" that he wrote to "05," he does not dispute that he filled out and signed the top portion of the form, including the portion indicating April 1 as the "Date of Move." Indeed, Tenant testified that on the portion of the Notice for the date of move, he wrote April 1 because he hoped to move on that date. Additionally, Tenant's testimony and other evidence established that Tenant's furniture was moved out of the apartment by March 28. We see no clear error in the trial court's findings, and those findings support a determination that Tenant was not in peaceable possession of the apartment after April 1, 2011.

¶ 11 Second, Tenant argues that the trial court clearly erred in finding that he did not support his conversion claim with credible evidence. Tenant further argues that the trial court failed to consider any evidence beyond his own testimony. "A conversion is an act of wilful interference with a chattel, done without lawful justification by which the person entitled thereto is deprived of its use and possession." *Fibro Trust, Inc. v. Brahman Fin., Inc.*, 1999 UT 13, ¶ 20, 974 P.2d 288 (citation and internal quotation marks omitted). "A basic requirement of conversion is '[t]hat there be a wrongful exercise of control over personal property in violation of the rights of its owner.'" *Bonnie & Hyde, Inc. v. Lynch*, 2013 UT App 153, ¶ 30, 305 P.3d 196 (alteration in original) (quoting *Frisco Joes*, 558 P.2d at 1330). Here, the trial court found, "[Tenant's] claim that $15,300 in cash and jewelry went missing from an apartment he had vacated is not credible." The trial court determined that Tenant did not leave cash or jewelry in the apartment and therefore concluded that Landlord did not convert any of Tenant's property.

¶ 12 In essence, the trial court concluded that it did not believe Tenant's testimony that he had left cash and jewelry in the apartment. Tenant testified that when he returned to the apartment on April 4, 2011, everything had been removed, including a jewelry box belonging to his former wife (Ex-wife). Tenant testified that when he spoke to Manager, she directed him to the storage area where certain items had been stored. Tenant also testified that when he found his wallet on the floor of the storage area, $300 in cash was missing from it. "[T]rial courts are in the best position to make determinations about credibility and veracity." *Rawlings v. Rawlings*, 2010 UT 52, ¶ 45, 240 P.3d 754. Because "[a]ssessing the credibility of a witness is within the trial court's domain," *Hale*, 2012 UT App 283, ¶ 16, 288 P.3d 1046, we are not convinced that the trial court clearly erred when it found Tenant's conversion claim was not credible.

¶ 13 Nevertheless, Tenant argues that the trial court clearly erred in its findings because it did not consider his evidence in support of his conversion claim. This evidence included Ex-wife's testimony, evidence of a civil judgment against him for the value of the lost jewelry, and his friend's (Friend) testimony regarding Tenant's search for his lost property on April 4, 2011. However, none of this evidence establishes that Tenant left personal property in the apartment at the relevant time or that Landlord exercised control over it. For example, although Ex-wife corroborated the existence of the jewelry and she testified that she saw her jewelry in Tenant's apartment sometime around March 2011, Ex-wife also testified that she did not know who had the jewelry. She further indicated that she did not believe Tenant when he insisted that he did not have the jewelry anymore and that it had been thrown out of the apartment. Ex-wife explained the evidence of her $10,000 small-claims judgment against Tenant in her favor, stating that she sued Tenant because she wanted her jewelry back and that the last she knew, it was in Tenant's possession.

Neither Ex-wife's testimony nor the small-claims judgment is evidence that the $300 cash and the jewelry were ever in Landlord's possession. Similarly, Friend merely testified that when he went over to the apartment on April 4, Tenant was upset because he could not find the jewelry and cash. Because we give "due regard ... to the opportunity of the trial court to judge the credibility of the witnesses," Utah R. Civ. P. 52(a), the trial court's finding that Landlord did not exercise control over Tenant's personal property is not clearly erroneous. We therefore affirm the dismissal of Tenant's conversion claim.

¶ 14 Finally, Landlord requests an award of attorney fees that it has incurred on appeal. "[T]he general rule is that when a party who received attorney fees below prevails on appeal, the party is also entitled to fees reasonably incurred on appeal." *Dennett v. Ferber*, 2013 UT App 209, ¶ 11, 309 P.3d 313 (per curiam) (citation and internal quotation marks omitted). The trial court awarded Landlord its reasonable attorney fees incurred in defending the action under the statutory provisions governing forcible entry and detainer actions.[4] *See* Utah Code Ann. § 78B–6–811 (LexisNexis 2012). Landlord has prevailed on appeal and is therefore entitled to attorney fees reasonably incurred on appeal.

¶ 15 In sum, the trial court determined that Tenant failed to show that he is entitled to relief on his claims for conversion and the violation of his right to quiet use and enjoyment. The trial court's findings are supported by the evidence. Accordingly, we affirm the trial court's grant of Landlord's rule 41(b) motion to dismiss. Because the trial court awarded Landlord attorney fees and Landlord has also prevailed on appeal, we remand for the trial court to calculate an award of attorney fees reasonably incurred on appeal.

---

4. Tenant asks this court to vacate the trial court's judgment of dismissal with prejudice but does not otherwise challenge the trial court's award of fees. "Because we affirm the trial court's dis-missal" of Tenant's claims, "we need not further evaluate the propriety of the fee award." *See Richards v. Cook*, 2013 UT App 250, ¶ 11 n. 5, 314 P.3d 1040.