2017 UT App 67

## THE UTAH COURT OF APPEALS

RIQO MARIANO PEREA,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Opinion
No. 20150144-CA
Filed April 13, 2017

Second District Court, Ogden Department
The Honorable Ernest W. Jones
No. 140907173

Randall W. Richards, Attorney for Appellant

Sean D. Reyes and Erin Riley, Attorneys for Appellee

JUDGE JILL M. POHLMAN authored this Opinion, in which JUDGES
MICHELE M. CHRISTIANSEN and KATE A. TOOMEY concurred.

POHLMAN, Judge:

¶1     Riqo Mariano Perea appeals the district court's January 12, 2015 order summarily dismissing his petition for postconviction relief. Perea also seeks review of the district court's October 16, 2015 order denying his rule 60(b) motion for relief from judgment. We affirm the first order, and we conclude that the second order is beyond the scope of this appeal.

¶2     In 2010, Perea was convicted of two counts of aggravated murder and two counts of attempted murder. He was sentenced to life in prison without the possibility of parole for each aggravated murder conviction and three years to life for each attempted murder conviction. The Utah Supreme Court affirmed Perea's convictions in *State v. Perea*, 2013 UT 68, 322 P.3d 624.

¶3    Perea filed a petition for postconviction relief in the district court. On January 12, 2015, the court summarily dismissed the petition because it determined the claims raised had been previously adjudicated by the Utah Supreme Court on direct appeal. Perea timely filed a notice of appeal.

¶4    While the present appeal was pending, Perea filed a motion for relief from judgment pursuant to rule 60(b) of the Utah Rules of Civil Procedure. This court stayed the appeal for sixty days and temporarily remanded the case to the district court for the limited purpose of ruling on the motion. On October 16, 2015, the district court entered an order denying Perea's motion. Perea did not file an amended notice of appeal or a new notice of appeal after the entry of that order.

¶5    On appeal, Perea's brief focuses exclusively on the district court's denial of his rule 60(b) motion. Although the district court's summary dismissal of his postconviction petition was the subject of Perea's notice of appeal, he mentions that order only in passing and does not identify or brief any issues related to it. Accordingly, we affirm the district court's summary dismissal of Perea's petition for postconviction relief. *See Reynolds v. Woodall*, 2012 UT App 206, ¶ 18 n.10, 285 P.3d 7 (affirming the trial court's order where appellant failed to identify or brief any issues relating to that order).

¶6    With regard to Perea's challenge to the district court's order denying his rule 60(b) motion, we lack jurisdiction to review it. "A ruling on a rule 60(b) motion culminates in a separate, appealable order and, thus, may not be included in an existing appeal because the issues raised in the appeal predated the ruling on the rule 60(b) motion." *Dennett v. Ferber*, 2013 UT App 209, ¶ 3, 309 P.3d 313 (per curiam). Because Perea did not file a new or amended notice of appeal following the denial of the rule 60(b) motion, this court lacks jurisdiction to consider his challenge to that ruling. *See id.*

¶7    We affirm the summary dismissal order, and we lack jurisdiction to consider the denial of Perea's rule 60(b) motion.

————