2018 UT App 229

# THE UTAH COURT OF APPEALS

RIQO PEREA,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Opinion
No. 20170398-CA
Filed December 20, 2018

Second District Court, Ogden Department
The Honorable Ernest W. Jones
No. 160903792

Randall W. Richards, Attorney for Appellant

Sean D. Reyes and Erin Riley, Attorneys for Appellee

JUDGE GREGORY K. ORME authored this Opinion, in which
JUDGES KATE APPLEBY[1] and DAVID N. MORTENSEN concurred.

ORME, Judge:

¶1     Appellant Riqo Perea challenges the district court's order dismissing his petition for postconviction relief that was premised on a claim of factual innocence. We affirm.

¶2     Perea, a member of the Ogden Trece gang, was visiting an Ogden home with several friends, including other Trece gang members. He got into a heated argument with members of the rival Norteños gang who were attending a wedding reception at a house across the street. Perea and his friends then got into a vehicle. As the vehicle pulled away, Perea, in the front passenger

---

1. Judge Kate A. Toomey has resumed the use of her birth name and is now known as Judge Kate Appleby.

seat, climbed out the window, reached over the roof, and fired ten shots into the wedding crowd. Two people were killed, and others were injured.

¶3     A few days later, Perea confessed to police that he was the only person in the vehicle with a gun and that he fired the shots into the crowd. He also told police that he used a .22 caliber weapon, although the police had not disclosed that .22 was the caliber of gun used in the shooting. At trial, a witness (Witness), who had been standing on the walkway of the house where the wedding was held, testified that it was Perea who fired from the vehicle into the crowd. Passengers in the vehicle also testified that it was Perea who fired the shots. A jury convicted Perea on two counts each of aggravated murder and attempted murder. He was sentenced to life in prison without the possibility of parole for the aggravated murder convictions and three years to life for the attempted murder convictions.

¶4     Perea appealed his convictions. The Utah Supreme Court upheld them and noted "the overwhelming evidence of Mr. Perea's guilt." *See State v. Perea*, 2013 UT 68, ¶ 103, 322 P.3d 624. The Court expressly upheld the admission of Perea's confession into evidence. *Id.* ¶ 96. Perea later filed a petition for postconviction relief, but the district court summarily dismissed it, determining that the Supreme Court, on direct appeal, had already adjudicated the claims raised in the petition. This court affirmed the district court's dismissal of that postconviction petition. *See Perea v. State,* 2017 UT App 67, ¶ 7, 397 P.3d 770.

¶5     In 2015, Witness provided an affidavit to Perea's counsel, declaring that she did not see who fired the gun from the vehicle and that she never saw Perea with a gun that evening. She also stated that she felt "the police were pressuring [her] to testify in a certain way" at trial. Perea filed this postconviction factual innocence petition based on Witness's affidavit, contending that he was convicted on the strength of perjured testimony.

¶6 The State moved for summary judgment, arguing that Perea's "pleaded facts and proffered evidence . . . are insufficient as a matter of law to demonstrate that he is entitled to factual innocence post-conviction relief." Determining that "the evidence presented by [Perea] does not show that he did not engage in the conduct for which he was convicted," the district court granted the motion and dismissed Perea's petition. Perea appeals.

¶7 Perea contends that the district court erred in summarily dismissing his factual innocence petition without holding an evidentiary hearing.[2] We review the district court's decision de novo. *See Gressman v. State*, 2013 UT 63, ¶ 6, 323 P.3d 998.

¶8 To establish factual innocence, the Utah Post-Conviction Remedies Act "contemplates a two-stage process," and "[s]ection 78B-9-402 sets forth what a petitioner must do at the first stage to receive an evidentiary hearing on her petition for factual innocence." *Brown v. State*, 2013 UT 42, ¶ 40, 308 P.3d 486. *See Wamsley v. State*, 2014 UT App 254, ¶ 9, 338 P.3d 266. After a petition is filed, the district court conducts an initial review, determining whether the allegations in the petition are "merely relitigating facts, issues, or evidence presented in previous proceedings or presenting issues that appear frivolous or speculative on their face," and whether "the petition has

---

2. Perea also contends that the district court erred in denying his petition because the police violated his constitutional rights by suppressing evidence in his favor. But this is not an issue raised in his factual innocence petition, and we therefore decline to address it. *See State v. Johnson*, 2017 UT 76, ¶ 15, 416 P.3d 443 ("When a party fails to raise and argue an issue in the trial court, it has failed to preserve the issue, and an appellate court will not typically reach that issue absent a valid exception to preservation.").

satisfied the requirements of Subsection 2(a)" of the Factual Innocence Statute. Utah Code Ann. § 78B-9-402(2)(b), (9)(b) (LexisNexis Supp. 2018).

¶9    Subsection 2(a) requires that the petition

contain an assertion of factual innocence under oath by the petitioner and shall aver, with supporting affidavits or other credible documents, that:

(i)    newly discovered material evidence exists that, if credible, establishes that the petitioner is factually innocent;

(ii)    the specific evidence identified by the petitioner in the petition establishes innocence;

(iii)    the material evidence is not merely cumulative of evidence that was known;

(iv)    the material evidence is not merely impeachment evidence; and

(v)    *viewed with all the other evidence,* the newly discovered evidence demonstrates that the petitioner is factually innocent.

*Id.* § 78B-9-402(2)(a) (emphasis added).[3]

_____

3. We note that subsection 3(a) also requires the petition to contain "an averment that . . . neither the petitioner nor the petitioner's counsel knew of the evidence at the time of trial or sentencing or in time to include the evidence in any previously

(continued…)

¶10 And "[i]f, upon completion of the initial review, the court does not dismiss the petition, it shall order the attorney general to file a response to the petition." *Id.* § 78B-9-402(9)(b). After the State has filed a response, "the court shall order a hearing if it finds the petition meets the requirements of Subsections (2) and (3) and finds there is a bona fide and compelling issue of factual innocence regarding the charges of which the petitioner was convicted." *Id.* § 78B-9-402(9)(c).

¶11 A bona fide and compelling issue of factual innocence "means that the newly discovered material evidence presented by the petitioner, if credible, would clearly establish the factual innocence of the petitioner." *Id.* § 78B-9-401.5(1) (2012). "Factual innocence" means that the petitioner did not "engage in the conduct for which [the petitioner] was convicted," "engage in conduct relating to any lesser included offenses of the crime for which [the petitioner] was convicted," or "commit any other felony arising out of or reasonably connected to the facts supporting the indictment or information upon which [the petitioner] was convicted." *Id.* § 78B-9-401.5(2).

¶12 Here, the district court determined upon its initial review that Perea's petition included a potentially troubling averment from Witness, and therefore ordered a response from the State. The State moved for summary judgment, arguing that Perea's petition did not meet the statutory requirements of subsections (2) and (3) because the newly discovered evidence did not establish Perea's factual innocence. *See id.* § 78B-9-402(2)–(3)

---

(…continued)
filed post-trial motion or postconviction motion" and that neither the petitioner nor his counsel could have discovered the evidence "through the exercise of reasonable diligence." Utah Code Ann. § 78B-9-402(3)(a) (LexisNexis Supp. 2018). Perea included this averment in his petition.

(Supp. 2018). The district court considered whether Perea's petition raised a bona fide and compelling issue of factual innocence and concluded that Witness's affidavit failed to demonstrate that Perea "did not engage in the conduct for which he was convicted. At most, assuming the statements in the affidavit are credible, the affidavit merely demonstrates that [Witness] did not see who shot the gun. She does not indicate that [Perea] did not shoot the gun or identify somebody else as the shooter." For that reason, the court concluded that Witness's affidavit did not present a bona fide and compelling issue of factual innocence.

¶13   Perea contends that the district court erred because Witness's affidavit, "combined with previously available information, clearly contradicts the State's claim that [Perea] fired the fatal bullets—or any bullets at all."[4] "Section 402 directs the court to view the petitioner's averment of newly discovered evidence *'with all the other evidence'* to determine whether the petitioner has met the threshold requirements for a hearing." *Brown v. State*, 2013 UT 42, ¶ 46, 308 P.3d 486 (emphasis in original) (quoting Utah Code Ann. § 78B-9-402(2)(a)(v)). For a petitioner to be entitled to a hearing, the newly discovered

---

4. Perea also suggests that improper police conduct led Witness to falsely testify and that the entire police investigation is now tainted by this conduct, including the testimony of the other witnesses. But Perea reads too much into a few lines of Witness's affidavit to draw such a conclusion. Moreover, he seeks to use this assertion in the affidavit as impeachment evidence. And "'the material evidence' supporting a petitioner's 'assertion of factual innocence' cannot be 'merely impeachment evidence.'" *Wamsley v. State*, 2014 UT App 254, ¶ 24, 338 P.3d 266 (quoting Utah Code Ann. § 78B-9-402(2)(a)(iv) (LexisNexis Supp. 2013)). Therefore, Perea would not be able to challenge the trial testimony of other witnesses to assert his factual innocence.

evidence must demonstrate factual innocence in light of all the other evidence.

¶14 Witness's affidavit, even when viewed in its most favorable light, does not demonstrate a bona fide and compelling issue of factual innocence. Even with Witness recanting, all other evidence still points to Perea firing the gun from the vehicle into the crowd—the conduct for which he was convicted. Witness states that she did not see Perea "with the gun that evening" and "clearly did not see the face of the shooter in the vehicle." This does not contradict the State's evidence presented at trial that Perea was the one who fired the shots from the vehicle, including Perea's own confession and the testimony of other witnesses who were in the vehicle that Perea fired the gun from the vehicle. Because the newly discovered evidence does not meet section 402's statutory requirements, the district court did not err in dismissing Perea's petition without a hearing.

¶15 Perea also contends that the district court erred in granting the State's motion for summary judgment. "The court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Utah R. Civ. P. 56(a).[5] And we affirm a "grant of summary judgment only if there are no disputed issues of material fact and, with the facts and all reasonable inferences viewed in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law." *Jensen ex rel. Jensen v. Cunningham*, 2011 UT 17, ¶ 36, 250 P.3d 465. Because Perea's

---

5. Actions brought pursuant to the Post-Conviction Remedies Act are civil in nature and "governed by the rules of civil procedure." Utah Code Ann. § 78B-9-102(1)(a) (LexisNexis Supp. 2018).

petition did not demonstrate a bona fide and compelling issue of factual innocence, and consequently no genuine dispute of any *material* fact remained, the district court properly granted summary judgment to the State. We therefore conclude that the district court did not err in granting the State's motion for summary judgment and dismissing Perea's petition.

¶16   Affirmed.

————