2020 UT App 99

## THE UTAH COURT OF APPEALS

LI-HUANG PON,
Appellee,
*v.*
TODD VERNON BREWER,
Appellant.

Opinion
No. 20190542-CA
Filed June 25, 2020

Third District Court, Salt Lake Department
The Honorable Robert P. Faust
No. 194900270

Kelly Ann Booth, Attorney for Appellant

Gregory N. Ferbrache, Attorney for Appellee

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion, in which JUDGES RYAN M. HARRIS and DIANA HAGEN concurred.

CHRISTIANSEN FORSTER, Judge:

¶1    Todd Vernon Brewer appeals the district court's entry of a permanent protective order. We affirm.

## BACKGROUND

¶2    In January 2019, Li-Huang Pon obtained a temporary protective order against Brewer. The protective order was entered by the district court on May 7, 2019, based on a domestic relations commissioner's recommendation after a hearing. On May 21, 2019, pursuant to rule 108 of the Utah Rules of Civil Procedure, Brewer filed an objection to the commissioner's recommendation that the protective order be entered, arguing that insufficient evidence justified the entry of the protective

order and requesting an evidentiary hearing in the district court. Pon filed a motion to strike Brewer's objection as untimely, pointing out that the objection was not filed within the ten-day limit provided by the Utah Cohabitant Abuse Act (Act). *See* Utah Code Ann. § 78B-7-107(1)(f) (LexisNexis Supp. 2019) (stating that if a protective order hearing is held before a court commissioner, any party dissatisfied with the commissioner's recommendation "may file an objection within 10 days of the entry of the recommended order"). The district court determined that Brewer's objection was untimely, granted Pon's motion to strike, and entered the permanent protective order. Brewer appealed the district court's order.

¶3 On the same day he filed his notice of appeal, Brewer filed a Request for Reconsideration and Motion to Set Aside Order Pursuant to Rule 60(b), asking the district court to set aside the protective order on the ground that he had fourteen days—rather than ten—within which to object to the commissioner's recommendation. *See* Utah R. Civ. P. 108(a) ("A recommendation of a court commissioner is the order of the court until modified by the court. A party may file a written objection to the recommendation within 14 days after the recommendation is made in open court or, if the court commissioner takes the matter under advisement, within 14 days after the minute entry of the recommendation is served."). Specifically, Brewer contended—for the first time—that Utah Code section 78B-7-107(1)(f) is unconstitutional because it conflicts with rule 108(a) of the Utah Rules of Civil Procedure and was not enacted by a supermajority of the legislature with the intent to amend procedural rules. *See* Utah Const. art. VIII, § 4 ("The Supreme Court shall adopt rules of procedure and evidence to be used in the courts of the state and shall by rule manage the appellate process. The Legislature may amend the Rules of Procedure and Evidence adopted by the Supreme Court upon a vote of two-thirds of all members of both houses of

the Legislature."); *see also Brown v. Cox*, 2017 UT 3, ¶¶ 17, 20, 387 P.3d 1040 (stating that the Utah Constitution's "plain language" does not allow our legislature to "adopt rules of procedure and evidence" but only to "amend[] the rules the supreme court creates" and that any such amendment must be made "by supermajority" and must "contain a reference to the rule to be amended and a clear expression of the Legislature's intent to modify [the] rules").

¶4    The district court denied Brewer's rule 60(b) motion, and Brewer did not thereafter amend his notice of appeal to include the district court's denial of that motion.

## ISSUES AND STANDARD OF REVIEW

¶5    Brewer raises two issues on appeal. First, he contends that Utah Code section 78B-7-107(1)(f) is unconstitutional because it prescribes a procedural deadline in conflict with rule 108(a) of the Utah Rules of Civil Procedure and was not enacted pursuant to state constitutional requirements for amending procedural rules. Second, Brewer argues that the district court erred when it applied the ten-day deadline set forth in the statute instead of the fourteen-day deadline set forth in the rule to determine that his objection to the commissioner's recommendation was untimely filed. "The interpretation and constitutionality of a statute are questions of law that we review for correctness." *Olguin v. Anderton*, 2019 UT 73, ¶ 17, 456 P.3d 760 (quotation simplified).[1]

---

1. Brewer also contends that because the conflict between the statutory deadline and the rule 108(a) deadline was "apparent, obvious, and unresolved," the district court abused its discretion in denying his objection to the commissioner's recommendation.

(continued…)

ANALYSIS

I. Constitutionality of the Statutory Deadline

¶6      Brewer timely appealed the district court's order striking his objection to the commissioner's recommendation as untimely and entering a permanent protective order. On the same day he filed his appeal, he also filed a rule 60(b) motion to set aside the order, *see* Utah R. Civ. P. 60(b), raising for the first time a constitutional challenge to Utah Code section 78B-7-107(1)(f). The district court later denied Brewer's rule 60(b) motion. But Brewer never amended his notice of appeal to include the district court's denial of his rule 60(b) motion, an oversight that precludes our review of this constitutional issue.

¶7      The Utah Rules of Appellate Procedure provide that "[a] notice of appeal filed after announcement or entry of judgment, but before entry of an order disposing of [a rule 60(b) motion], . . . is effective to appeal only from the underlying judgment." Utah R. App. P. 4(b)(2). "To appeal from a final order disposing of [a rule 60(b) motion], a party must file a notice of appeal or an amended notice of appeal within the prescribed time measured from the entry of the order." *Id.* And if a party fails to file an amended notice of appeal after denial of a rule 60(b) motion, an appellate court lacks jurisdiction to consider issues raised in that motion. *See Dole v. Dole*, 2018 UT App 195, ¶ 40, 437 P.3d 464 (noting that a party's failure to amend a notice of appeal pursuant to the requirements of rule 4(b)(2) of the Utah Rules of Appellate Procedure deprives a court of "jurisdiction to consider [the party's] arguments related to [a] post-trial motion"); *see also Dennett v. Ferber*, 2013 UT App 209, ¶ 4, 309 P.3d 313 (per

---

(…continued)
We determine that Brewer's briefing on this issue is inadequate and therefore decline to address it.

curiam) (stating that an appellate court lacks jurisdiction to consider issues raised in a rule 60(b) motion where an individual did not amend the notice of appeal or file a new notice of appeal after denial of the motion).

¶8   Brewer's notice of appeal challenged only the district court's dismissal of his objection and the court's grant of the permanent protective order, and Brewer raised the constitutional challenge only in his rule 60(b) motion to set aside. Because Brewer never amended his notice of appeal to incorporate the district court's denial of his rule 60(b) motion, the constitutional challenge Brewer now raises lies outside the scope of this appeal, and we lack the jurisdiction to consider it. Therefore, we must—for purposes of the rest of our analysis—presume that section 78B-7-107(1)(f) of the Utah Code was constitutionally enacted. *See Salt Lake City v. Ohms*, 881 P.2d 844, 847 (Utah 1994) ("Statutes are presumed to be constitutional until the contrary is clearly shown." (quotation simplified)); *accord Broadbent v. Gibson*, 140 P.2d 939, 943 (Utah 1943).

II. The District Court's Reliance on the Statutory Deadline

¶9   In striking Brewer's objection to the commissioner's recommendation that the protective order be permanently entered, the district court determined that Brewer "did not file his [o]bjection within the statutorily mandated 10 days, in accordance with" Utah Code section 78B-7-107(1)(f). In addition, the court acknowledged that "there may be an apparent conflict with [r]ule 108," but it ruled that "the more specific statute determines this matter." On appeal, Brewer argues that the court erred in making this determination. We disagree.

¶10   Rule 108(a) of the Utah Rules of Civil Procedure provides the general rule on filing deadlines for objections to commissioner recommendations: "A party may file a written objection to the recommendation within 14 days after the

recommendation is made in open court or, if the court commissioner takes the matter under advisement, within 14 days after the minute entry of the recommendation is served." Utah R. Civ. P. 108(a). In contrast, Utah Code section 78B-7-107(1)(f) specifically addresses the filing deadline in the context of protective order proceedings: "If the hearing on the petition [for a protective order] is heard by a commissioner, either the petitioner or respondent may file an objection within 10 days of the entry of the recommended order . . . ." Utah Code Ann. § 78B-7-107(1)(f) (LexisNexis Supp. 2019).

¶11    Brewer's assertion that the language of the rule governs in this situation ignores the clear language of the Utah Rules of Civil Procedure and the Act. The first of our rules of civil procedure states that "[t]hese rules govern the procedure in the courts of the state of Utah in all actions of a civil nature . . . and in all statutory proceedings, *except as governed by other rules promulgated by this court or statutes enacted by the Legislature*." Utah R. Civ. P. 1 (emphasis added). And the Act itself clarifies that "[i]nsofar as the provisions of this [Act] are more specific than the Utah Rules of Civil Procedure, regarding protective orders, the provisions of this [Act] govern." Utah Code Ann. § 78B-7-106(13) (LexisNexis Supp. 2019); *see also State v. Bridgewaters*, 2020 UT 32, ¶¶ 24–29 (acknowledging that the Act sets forth some unique procedures for service of process that are specific to protective order proceedings and that differ from the process outlined in the Utah Rules of Civil Procedure).[2]

---

2. The Utah Supreme Court recently noted that the "Act contains unique procedural rules that purport to supersede the Utah Rules of Civil Procedure where applicable," even though "the legislature did not enact those procedural provisions in a joint resolution that amended the corresponding rule of civil procedure." *State v. Bridgewaters*, 2020 UT 32, ¶ 24 n.9. Although

(continued…)

¶12 Here, the more specific ten-day deadline set forth in the Act controls, not the more general fourteen-day deadline set

---

(…continued)

the conflict between the rule and the statute may present legitimate constitutional questions, as noted above, the constitutionality of the Act is not properly before us in this case. However, we share the supreme court's concern that "litigants and courts are faced with two sets of procedural rules running on parallel tracks and are required to make judgment calls about which rule should apply in a given circumstance" in protective order hearings. *Id.* In *Bridgewaters*, the court noted that "the legislature could increase clarity for the bar and the bench if it were to enact rule changes through joint resolutions that specifically amend the relevant rule of procedure." *Id.* But here, the adoption of the statute does not appear to "amend" a preexisting rule. The statute was amended in 2001 to include the ten-day deadline to file an objection to a commissioner's recommendation in a protective order proceeding, *see* Utah Code Ann. § 30-6-4.3(1)(e) (Lexis Supp. 2001), and was later renumbered as section 78B-7-107(1)(f), *see id.* (LexisNexis Supp. 2008). In 2009, the Utah Rules of Civil Procedure were amended to include a ten-day limit to file an objection to a commissioner's recommendation. *See* Utah R. Civ. P. 101(k) (2009) ("A party may object to the recommendation by filing an objection . . . within ten days after the recommendation is made . . . ."). In 2012, subdivision (k) was deleted, and a fourteen-day deadline was added, presumably as part of the effort to revise all deadlines in the rules to seven-day increments. *See id.* R. 108(a) (2012) ("A party may file a written objection to the recommendation within 14 days after the recommendation is made . . . ."). The Supreme Court's Advisory Committee on the Rules of Civil Procedure may wish to further examine the filing deadlines at issue in this opinion to clarify the apparent conflict.

forth in rule 108(a). Rule 108(a) establishes the general timeline for a party to file an objection to a commissioner's recommendation. In contrast, section 78B-7-107(1)(f) focuses on a particular aspect of domestic relations, namely, hearings on protective orders to prevent cohabitant abuse. Thus, the statute specifically addresses protective order proceedings under the Act, including the deadline for filing objections to recommendations made by domestic relations commissioners on whether a temporary order should be permanently entered. Because the statute sets out a "more specific" provision than "the Utah Rules of Civil Procedure" with regard to protective orders, the ten-day deadline of the Act governs. *See* Utah Code Ann. § 78B-7-106(13); *see also* Utah R. Civ. P. 1. Accordingly, assuming the constitutionality of the statutory deadline found in the Act, we perceive no error in the district court's determination that the more specific statute governed the time within which Brewer had to object to the commissioner's recommendation.

## CONCLUSION

¶13   Because Brewer did not amend his notice of appeal to include the denial of his rule 60(b) motion, we lack jurisdiction to consider the constitutionality of Utah Code section 78B-7-107(1)(f) in this case. Further, we see no error in the district court's determination that the more specific statutory deadline governed the timing for Brewer to file his objection to the commissioner's recommendation regarding the protective order.

¶14   Affirmed.

———————