2021 UT App 59

## THE UTAH COURT OF APPEALS

LANE HALVERSEN,
Appellee,
*v.*
ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,
Appellant.

Opinion
No. 20200085-CA
Filed June 4, 2021

Third District Court, Salt Lake Department
The Honorable Todd M. Shaughnessy
No. 170906110

Lynn S. Davies, Rafael A. Seminario, and Samantha
E. Wilcox, Attorneys for Appellant

Justin M. Hosman and Joshua S. Baron, Attorneys
for Appellee

JUDGE DIANA HAGEN authored this Opinion, in which JUDGES
GREGORY K. ORME and MICHELE M. CHRISTIANSEN FORSTER
concurred.

HAGEN, Judge:

¶1     Allstate Property and Casualty Insurance Company
appeals the district court's denial of its motion to dismiss Lane
Halversen's complaint. Halversen sought a trial de novo in the
district court after arbitration because he was dissatisfied with
the arbitration award he received on his underinsured motorist
(UIM) claim. Allstate moved to dismiss, arguing that Utah's UIM
statute allows for a trial de novo only where the arbitration
award "was procured by corruption, fraud or other undue
means." *See* Utah Code Ann. § 31A-22-305.3(8)(o)(i) (LexisNexis
2017)). We disagree with Allstate's interpretation of the UIM

statute and hold that either party, within twenty days of service of the arbitration award, may request a trial de novo for any reason. Accordingly, we affirm the court's denial of Allstate's motion to dismiss and the resulting judgment.

## BACKGROUND

¶2    Halversen was injured when an underinsured driver rear-ended his vehicle. Because the policy limits of the at-fault driver's insurance did not fully cover his damages, Halversen submitted a claim to Allstate, his own motor vehicle insurance carrier, under his policy's UIM coverage provision.[1] When Allstate declined to pay Halversen the limits of his UIM coverage, Halversen elected to resolve his claim in binding arbitration as authorized by the UIM statute. *See* Utah Code Ann. § 31A-22-305.3(8)(a)(i) (LexisNexis 2017).

¶3    Halversen received an arbitration award, but within twenty days of receiving that award, he filed a complaint in district court requesting a trial de novo. At the time the complaint was filed, the relevant portion of the UIM statute provided as follows:

> (o) An arbitration award issued under this section shall be the final resolution of all claims not excluded by Subsection (8)(*l*) between the parties unless:

---

1. Underinsured motorist coverage is insurance provided by the insured's own auto insurance provider. *See generally* Utah Code Ann. § 31A-22-305.3(1)(b)(i), (2)(a) (LexisNexis Supp. 2020)). "The purpose of UIM coverage is to provide a source of indemnification for accident victims when the tortfeasor does not have adequate coverage." *See State Farm Mutual Auto. Ins. Co. v. Green*, 2003 UT 48, ¶ 31, 89 P.3d 97.

(i) the award is procured by corruption, fraud, or other undue means;

(ii) either party, within 20 days after service of the arbitration award:

(A) Files a complaint requesting a trial de novo in the district court; and

(B) Serves the nonmoving party with a copy of the complaint requesting a trial de novo under Subsection (8)(o)(ii)(A).

*Id.* § 31A-22-305.3(8)(o).[2] In a prior version of the statute, subparts (i) and (ii) were separated by the word "or." *See id.* § 31A-22-305.3(7)(o) (LexisNexis 2010). In 2011, the legislature deleted the word "or," leaving the two subparts connected only by a semicolon without a conjunction. *See id.* (LexisNexis Supp. 2011).

¶4    On the eve of trial, Allstate moved to dismiss the complaint for lack of subject matter jurisdiction, arguing that a trial de novo was authorized only when the arbitration award was both "procured by corruption, fraud, or other undue means" and a complaint seeking a trial de novo was filed within twenty days. *See id.* § 31A-22-305.3(8)(o)(i) (LexisNexis 2017). Allstate asserted that by removing the word "or," the legislature effectively replaced "or" with "and," creating both a substantive and a procedural requirement for a party to request a trial de novo in district court.

---

2. The relevant provisions are currently codified in subsection (8)(p). *See* Utah Code Ann. § 31A-22-305.3(8)(p) (LexisNexis Supp. 2020).

¶5     The district court rejected that argument, explaining that "if what the legislature had intended was to remove the 'or' and replace it with 'and,' . . . that's what the legislature would have done." Instead, the court reasoned that the legislature "created a hopelessly ambiguous statute because [it] took what was previously a complete sentence and [it] removed a necessary connector." The court concluded that removing the conjunction "was a mistake; this was a drafting error by the legislature." In light of the resulting ambiguity, the court looked to "the underlying legislative policy and legislative history" to interpret the statute. The court observed that "underinsured motorist statutes are designed to protect insureds" and should "be liberally construed in favor of coverage." In addition, it pointed out that Allstate's interpretation would "dramatically narrow[]" the ability to review arbitration awards, yet nothing in the legislative history suggested that "the legislature had intended to make a policy shift [that] dramatic." The court concluded that the legislature had not intended to make subpart (i) a substantive requirement for seeking a trial de novo and accordingly denied the motion to dismiss.

¶6     The case proceeded to trial, and the jury returned a verdict in favor of Halversen. Allstate moved for judgment notwithstanding the verdict based on the same arguments raised in its motion to dismiss. The district court denied the motion and entered a final judgment. Allstate timely appealed, challenging only the denial of its motion to dismiss and the resulting judgment.

## ISSUE AND STANDARD OF REVIEW

¶7     Allstate appeals the district court's denial of its motion to dismiss for lack of subject matter jurisdiction, based on the

court's interpretation of Utah Code section 31A-22-305.3(8)(o).[3] Whether the district court "has subject matter jurisdiction presents a question of law, which [we] review under a correction of error standard." *Amundsen v. University of Utah*, 2019 UT 49, ¶ 19, 448 P.3d 1224 (cleaned up). Similarly, we "review questions of statutory interpretation for correctness, affording no deference to the district court's legal conclusions." *State v. Gallegos*, 2007 UT 81, ¶ 8, 171 P.3d 426.

ANALYSIS

¶8      Allstate argues that by removing the word "or" between the two statutory circumstances in which an arbitration award is not final, the legislature narrowed the UIM statute and allowed litigants to seek a trial de novo in district court only if both: (1) "the arbitration award was 'procured by corruption, fraud, or undue means,'" (quoting Utah Code Ann. § 31A-22-305.3(8)(o) (LexisNexis 2017)), and (2) "the party seeking the trial de novo complied with the procedural requirements for such a request." We disagree with Allstate's interpretation and affirm the district court's ruling denying the motion to dismiss.

¶9      "Our courts use a 'plain meaning' approach to statutory interpretation." *Oliver v. Utah Labor Comm'n*, 2017 UT 39, ¶ 19, 424 P.3d 22. "Under this approach, we need not look beyond the statute's text to secondary considerations—such as legislative history or the canon that we interpret statutes to avoid absurd results—unless there is ambiguity in the statute." *Id.* A statute is ambiguous when "its terms remain susceptible to two or more

---

3. Our analysis pertains to the 2017 version of the UIM statute in effect at the time Halversen filed the complaint. *See State v. Clark*, 2011 UT 23, ¶ 14, 251 P.3d 829 (explaining that the law governing the parties' procedural rights and responsibilities is "the law in effect at the time of the procedural act").

reasonable interpretations after we have conducted a plain language analysis." *Marion Energy, Inc. v. KFJ Ranch P'ship*, 2011 UT 50, ¶ 15, 267 P.3d 863. Only then do we "resort to other modes of statutory construction and seek guidance from legislative history and other accepted sources." *Id.* (cleaned up).

¶10　The district court ruled that when the legislature "removed a necessary connector"—the word "or"—it "render[ed] the statute ambiguous." To resolve that ambiguity, the district court relied on legislative policy and history to interpret the statute. We afford no deference to the district court's conclusion that the statute is ambiguous. *See State v. Gallegos*, 2007 UT 81, ¶ 8, 171 P.3d 426. Although we disagree with that conclusion, the district court's reading is the only reasonable interpretation of the statute's plain language, and we affirm on that basis. *See Olguin v. Anderton*, 2019 UT 73, ¶ 20, 456 P.3d 760 ("It is within our discretion to affirm a judgment on an alternative ground if it is apparent in the record." (cleaned up)).

¶11　The absence of any conjunction between subparts (i) and (ii) may well have been "a drafting error by the legislature," but we disagree that the omission renders the statute "hopelessly ambiguous." We read statutory text not in isolation but "in light of the relevant context of the statute (including, particularly, the structure and language of the statutory scheme)." *Bright v. Sorensen*, 2020 UT 18, ¶ 59, 463 P.3d 626 (cleaned up). "Put another way, the fact that the statutory language may be susceptible of multiple meanings does not render it ambiguous; all but one of the meanings is ordinarily eliminated by context." *Oliver*, 2017 UT 39, ¶ 20 (cleaned up). Here, that context eliminates the potential ambiguity.

¶12　Under the "scope-of-subparts" canon of statutory construction, "[m]aterial within an indented subpart relates only to that subpart; material contained in unindented text relates to all the following or preceding indented subparts." Antonin

Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 156 (2012); *see also Vanderwood v. Woodward*, 2019 UT App 140, ¶ 27, 449 P.3d 983 (explaining that an unindented paragraph "terminating in a colon, followed by a series of indented lettered subparts . . . indicates that the subparts following the initial paragraph are all related to the prefatory paragraph and its objective"). This principle is illustrated by subsection (8)(o)(ii), which provides that an arbitration award is not final when:

> (ii) either party, within 20 days after service of the arbitration award:
>
>> (A) files a complaint requesting a trial de novo in the district court; and
>>
>> (B) serves the nonmoving party with a copy of the complaint requesting a trial de novo under Subsection (8)(o)(ii)(A).

Utah Code Ann. § 31A-22-305.3(8)(o)(ii) (LexisNexis 2017). The formatting indicates that the material in subpart (ii) relates to indented subparts (A) and (B), but does not apply to subpart (i). *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 156 (2012). Therefore, the twenty-day time limit in subpart (ii) applies both to filing the complaint in the district court and serving the nonmoving party with the complaint. But it has no bearing on the separate exception to the finality rule identified in subpart (i).

¶13    In contrast, subsection (8)(o) does not purport to delineate two circumstances in which a party may request a trial de novo, but rather two circumstances in which the arbitration award is not final. The text in subsection (8)(o), which relates to all of the indented subparts to follow, provides that the arbitration award "shall be the final resolution of all claims" except in two circumstances. The first exception—indented subpart (i)—applies when "the award was procured by corruption, fraud or

other undue means." *See* Utah Code Ann. § 31A-22-305.3(8)(o)(i) (LexisNexis 2017). The second exception—indented subpart (ii)—applies when, within twenty days, either party "files a complaint requesting a trial de novo" and serves it on the nonmoving party. *See id.* § 31A-22-305.3(8)(o)(ii). Both exceptions set forth circumstances under which the award is not final. But only the second exception addresses the right to request a trial de novo.

¶14    Thus, the legislature's removal of the word "or" does not render the statute ambiguous as to whether subpart (i) is a substantive requirement for seeking a trial de novo. Applying the scope-of-subparts canon of construction, only subpart (ii) concerns the right to request a trial de novo. And that subpart requires only that the complaint seeking a trial de novo be filed in the district court and served on the nonmoving party "within 20 days after service of the arbitration award." *Id.* No more is required to invoke the district court's subject matter jurisdiction.

¶15    This reading of subsection (8)(o) is consistent with the UIM statute as a whole as well as related statutory provisions. *See Aaron & Morey Bonds & Bail v. Third Dist. Court*, 2007 UT 24, ¶ 9, 156 P.3d 801 ("Pursuant to our rules of statutory construction," we interpret a statutory provision "in light of the statute as a whole and in harmony with related statutory provisions."). Allstate contends that unless subsection (8)(o)(i) is read as the "substantive basis" required for a trial de novo, a party would be able to seek a trial de novo on any grounds or for no reason at all, which would subvert the finality of arbitration awards. But the UIM statute has a built-in disincentive to seeking a trial de novo: if the moving party does not receive a significantly better outcome following trial, that party is responsible for the nonmoving party's costs. *See* Utah Code Ann. § 31A-22-305.3(8)(q)(i) (LexisNexis 2017). By including this provision, the legislature struck what it apparently deemed to be the appropriate balance between promoting the finality of

arbitration awards and allowing parties to seek a trial de novo when confident of a more favorable verdict.

¶16 The ability to seek a trial de novo for any reason within twenty days is also consistent with the related statute governing arbitration in third-party motor vehicle accident cases. Much like the UIM statute, the third-party arbitration statute provides:

> (11) An arbitration award issued under this section shall be the final resolution of all bodily injury claims between the parties and may be reduced to judgment by the court upon motion and notice unless:
>
>> (a) either party, within 20 days after service of the arbitration award:
>>
>>> (i) files a notice requesting a trial de novo in the district court; and
>>>
>>> (ii) serves the nonmoving party with a copy of the notice requesting a trial de novo under Subsection (11)(a)(i); or
>>
>> (b) the arbitration award has been satisfied.

*Id.* § 31A-22-321(11). The language in subpart (a) is almost identical to the language in subsection 31A-22-305.3(8)(o)(ii) and requires no "substantive basis" for seeking a trial de novo. Like the UIM statute, the third-party arbitration statute discourages meritless trials de novo by requiring the moving party to pay costs if it does not obtain a significantly better result. *See id.* § 31A-22-321(13)(a). We read both subsection 31A-22-305.3(8)(o)(ii) and subsection 31A-22-321(11)(a) as allowing either party to request a trial de novo within twenty days for any

reason, so long as it is willing to gamble on the possibility of being responsible for costs.

¶17 Allstate asserts that this reading would provide an "unlimited statute of limitations" for raising the "issue of corruption, fraud, or other undue means in a UIM arbitration" and yet would provide no remedy if the complaining party does not have the right to seek a trial de novo. But both a time limit and a remedy are provided by the Utah Uniform Arbitration Act (UUAA), which governs UIM arbitration proceedings unless otherwise provided. *See id.* § 31A-22-305.3(8)(g). The UUAA provides that an arbitration award may be vacated in certain circumstances, including where "the award was procured by corruption, fraud, or other undue means," which is identical to the language used in subpart (8)(o)(ii). *See id.* § 78B-11-124(1)(a) (LexisNexis 2018). In such circumstances, a party may file a motion with the court to vacate the award. *See id.* § 78B-11-124(1). Furthermore, such a motion must be filed within ninety days of receiving notice of the award or within ninety days after the basis for alleging corruption, fraud, or other undue means was "known or by the exercise of reasonable care would have been known by the movant." *See id.* § 78B-11-124(2). It is not necessary to read subparts (i) and (ii) together to provide either a time limit or a remedy for challenging an arbitration award procured by corruption, fraud, or undue means because the UUAA supplies provisions that address those concerns.[4]

---

4. Allstate argues that there would be no reason to include subsection (8)(o)(i) in the UIM statute if section 78B-11-124 of the UUAA applies whenever a party asserts that an arbitration award was procured by corruption, fraud, or other undue means. In an appropriate case, a court will need to grapple with whether subsection (8)(o)(i) is superfluous or whether the legislature intended to limit the circumstances under which a

(continued…)

¶18    In sum, by removing the word "or" between subparts (i) and (ii) of subsection (8)(o), the legislature did not render the UIM statute ambiguous. The statute provides two separate and independent exceptions to the finality of a UIM arbitration award. Within twenty days, either party may request a trial de novo in district court for any reason, but the moving party risks liability for costs if it does not obtain a significantly better result at trial. Separately, either party may move to set aside an arbitration award procured by corruption, fraud, or other undue means. Such a motion is subject to the UUAA, which governs arbitration procedures generally. Because an allegation of corruption, fraud, or other undue means is not required to seek a trial de novo, the district court correctly denied Allstate's motion to dismiss for lack of subject matter jurisdiction.

## CONCLUSION

¶19    An allegation of fraud, corruption, or other undue means is not a prerequisite to seeking a trial de novo within the time limits set forth in Utah Code section 31A-22-305.3(8)(o). Accordingly, we affirm the district court's denial of Allstate's motion to dismiss.

_____

(…continued)
party could seek to vacate a UIM arbitration award to instances in which the award was procured by corruption, fraud, or other undue means, while excluding the other circumstances listed in section 78B-11-124. *See* Utah Code Ann. § 78B-11-124(1)(b)–(f) (LexisNexis 2018). But we do not need to interpret subsection (8)(o)(i) in this case because Halversen did not challenge the finality of the award based on corruption, fraud, or other undue means; instead he sought a trial de novo, which is governed solely by subsection (8)(o)(ii). *See id.* § 31A-22-305.3(8)(o)(ii).